[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16067
Non-Argument Calendar

_____

D. C. Docket No. 91-00413-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NARCISCO F. SUAREZ,
a.k.a. Nene,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 27, 2007)**

Before CARNES, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Narcisco F. Suarez, proceeding <u>pro se</u>, appeals the district court's denial of

his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. In 1991, a grand jury returned a superseding indictment against Suarez charging him, along with 14 codefendants, with one count of conspiracy to possess a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 846, and three counts of distributing a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In 1993, a jury found Suarez guilty on all counts.

Before Suarez's sentence hearing, an updated presentence investigation report found that Suarez was responsible for 1,669 kilograms of cocaine and assigned him a base offense level of 36 pursuant to U.S.S.G. § 2D1.1 (Nov. 1988). The PSR then applied a two-level enhancement for behavior resulting in serious bodily injury, § 2D1.1(a)(2), and a two-level enhancement for possession of a firearm during the commission of the offense, § 2D1.1(b)(1), resulting in a total offense level of 40. With a criminal history category of I, and a total offense level of 40, Suarez's guideline range was 292 to 365 months imprisonment.

During Suarez's sentence hearing, on April 27, 2001, he raised an Apprendi objection based on the PSR holding him responsible for more cocaine than was admitted by him or found beyond a reasonable doubt by the jury. The district court denied the objection, based on its interpretation that Apprendi only applied when

the guideline range exceeded the statutory maximum. Suarez also objected to both of the two-level enhancements. With the government's consent, the court sustained Suarez's objection to the enhancement for serious bodily injury, bringing Suarez's total offense level down to 38. The court then sentenced Suarez to 235 months imprisonment, a sentence at the low end of the guideline range. Suarez timely appealed, but he later filed a voluntary dismissal of the appeal, which was granted by this Court on August 14, 2001.

In May 2006, Suarez filed with the district court a pro se motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Suarez argued that the district court attributed to him a larger amount of cocaine than was admitted by him or found beyond a reasonable doubt by the jury, in violation of United States Sentencing Guidelines Amendment 591, Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).

The district court denied the motion, holding that Amendment 591 applies to the court's selection of the defendant's offense guideline, and not to judicial findings of actual conduct. The court also noted that the amendment did not provide help to inmates trying to bypass the non-retroactivity of Apprendi and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Suarez appealed,

3

arguing that: (1) the district court erred by denying his § 3582(c)(2) motion because the court violated Amendment 591, <u>Apprendi</u>, and <u>Blakely</u> by impermissibly calculating his offense level within U.S.S.G. § 2D1.1, based on judicial findings regarding the amount of drugs attributed to him that were not admitted by him or found beyond a reasonable doubt by the jury; and (2) because of this error, he is entitled to be resentenced under <u>Apprendi</u>.[1]

We review a district court's decision not to reduce a defendant's sentence pursuant to § 3582(c)(2) only for abuse of discretion. <u>United States v. Brown</u>, 332 F.3d 1341, 1343 (11th Cir. 2003). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

Generally, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues." <u>United States v. Bravo</u>, 203 F.3d 778, 782 (11th Cir. 2000). Instead, § 3582(c)(2) permits a district court to modify an imposed term of imprisonment only "in the case of a defendant

---

[1] Suarez also argues that <u>United States v. Moreno</u>, 421 F.3d 1217 (11th Cir. 2005), is no longer good law in light of the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>. However, this argument is without merit, given that <u>Moreno</u> was decided after <u>Booker</u> and its predecessors and, in fact, discusses the implications of <u>Booker</u>. <u>See Moreno</u>, 421 F.3d at 1220–21.

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to [its Guidelines amendment power under] 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also Moreno, 421 F.3d at 1220 ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a § 3582(c)(2) motion is appropriate only where the defendant argues that "his sentence should be modified based on a subsequent sentencing guideline amendment.").

However, where a defendant has been sentenced pursuant to a sentencing range that has subsequently been lowered by the Sentencing Commission, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement in this case is U.S.S.G. § 1B1.10(a), which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in

5

the defendant's term of imprisonment . . . is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a).

Amendment 591 modified U.S.S.G. § 1B1.1(a) by replacing the existing language with the following, concerning the very first step in calculating the appropriate guideline range: "Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See 1B1.2." U.S.S.G. App. C. The amendment became effective on November 1, 2000, id., and it may be applied retroactively by using a § 3582(c)(2) motion. See U.S.S.G. § 1B1.10(c); United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir.1999).

Suarez argues that the district court erred by denying his § 3582(c)(2) motion because the court violated Amendment 591 by impermissibly calculating his offense level within U.S.S.G. § 2D1.1, based on judicial findings regarding the amount of drugs attributed to him that were not admitted by him or found beyond a reasonable doubt by the jury. However, Amendment 591 was already in effect at the time of Suarez's April 2001 sentence hearing—Suarez admitted this fact in his motion to the district court, as well as in his opening and reply briefs. Therefore, Amendment 591 was not a "subsequent sentencing guideline amendment," cognizable in a § 3582(c)(2) motion. See 18 U.S.C. § 3582(c)(2); see also Stossel,

6

348 F.3d at 1322 n.2. Instead, Suarez's argument that the district court violated Amendment 591 by improperly calculating his guideline range—an argument that was available to him at the time of his sentencing—is an issue that he should have addressed in his direct appeal to his sentence, which he voluntarily dismissed. See United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) ("[A]s was the case before Booker, the district court must calculate the Guidelines range accurately.").

Suarez's argument that the district court erred by denying his motion because the district court violated Apprendi and Blakely does not change this result. Under the plain language of the statute, only changes to the guidelines made by the Sentencing Commission after the defendant's sentence hearing, not Supreme Court decisions, can be used as a basis for a § 3582(c)(2) motion. See 18 U.S.C. § 3582(c)(2); see also Moreno, 421 F.3d at 1220 ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."). Therefore, the district court correctly denied Suarez's § 3582(c)(2) motion.

**AFFIRMED.**

7