[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2003
THOMAS  K. KAHN
CLERK

No. 03-11964
Non-Argument Calendar

_____

D.C. Docket No. 93-08093-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN STOSSEL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(October 29, 2003)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Nine years after his original conviction, federal prisoner Richard Allen Stossel appeals *pro se* the district court's denial of his post-conviction motion for reduction of sentence filed under 18 U.S.C. § 3582(b)(3). He alleges the district court improperly calculated the sentencing guidelines, which resulted in "duplicative counting" and an improper two-level enhancement. The Government argues the district court lacked jurisdiction over Appellant's motion because § 3582(b)(3) does not authorize district courts to modify sentences.

We review whether a court has jurisdiction as a question of law subject to plenary review. *United States v. Maduno*, 40 F.3d 1212, 1215 (11th Cir. 1994). When the language of a statute is unambiguous, we only review the statute's plain meaning. *United States v. Ballinger*, 312 F.3d 1264, 1274 (11th Cir. 2002).

18 U.S.C. § 3582(b)(3) provides: "Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742[,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." We have never addressed whether a district court has jurisdiction

2

under 18 U.S.C. § 3582(b) to consider a motion to modify a sentence.[1] The Eighth

Circuit, however, has examined this issue. *United States v. Auman*, 8 F.3d 1268,

1271 (8th Cir. 1993). In *Auman*, the Eighth Circuit held § 3582(b) was

"unambiguous on its face" and merely "defined 'final judgment.'" *Id.* In dicta,

the court also noted the legislative history of § 3582(b) bolstered the Court's

reading that § 3582(b) merely defined finality and was not a vehicle for sentence

modification. *Id.* Accordingly, the Eighth Circuit held § 3582(b) "does not grant

jurisdiction to a district court to do anything, let alone correct an illegal sentence."

*Id.*

We agree with the Eighth Circuit and hold the district court lacked

jurisdiction under 18 U.S.C. § 3582(b)(3) to consider Appellant's motion to

modify his sentence. Section 3582(b)(3) is not a vehicle for obtaining a sentence

---

[1] We have referenced § 3582(b)(2) in a footnote. *United States v. Brown* 332 F.3d 1341, 1344 n.4 (11th Cir. 2003). The footnote provided that a particular sentencing guidelines amendment was retroactive, and, if applicable, could warrant a sentence reduction under § 3582(b)(2). It appears, however, we were actually referring to § 3582(c)(2), because only § 3582(c)(2) provides for a sentence reduction pursuant to a retroactive sentencing guidelines amendment.

modification, but merely defines finality. Consequently, the district court lacked

jurisdiction to rule on the merits of his motion.[2]

Accordingly, we vacate and remand for the district court to dismiss for lack

of jurisdiction.[3]

VACATED and REMANDED.

---

[2] Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Here, Appellant's motion could be construed as an appeal under 18 U.S.C. § 3742, a motion under 18 U.S.C. § 3582(c), a Federal Rule of Criminal Procedure 35 motion, or a motion to vacate under 28 U.S.C. § 2255. None of these constructions, however, aid Appellant.

First, to appeal under § 3742(a), Appellant needed to file an appeal within 10 days of sentencing. *United States v. Pease*, 331 F.3d 809, 816 n.18 (11th Cir. 2003); Fed. R. App. P. 4(b)(1). Here, however, Appellant waited 9 years before filing his instant motion, thus making it untimely and § 3742 inapplicable. Second, Appellant's motion could fit under § 3582(c) only if he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment. 18 U.S.C. § 3582(c)(2). Appellant, however, clearly states he is appealing the *application* of the guidelines at sentencing and does not reference any guideline amendment, making § 3582(c)(2) inapplicable. Third, Rule 35 only allows sentence modification for: (1) correcting "arithmetical, technical, or other clear error" within 7 days after sentencing, or (2) reducing a sentence for substantial assistance to the government. Fed. R. Crim. P. 35(a), (b). Appellant is not entitled to relief under either option because he filed his motion well after the 7-day limitation period and his claim did not involve substantial assistance. Finally, Appellant is not entitled to relief under § 2255 because he did not claim (1) the district court lacked jurisdiction to impose the sentence, (2) the sentence was in excess of the maximum authorized law, (3) the sentence was otherwise subject to collateral attack by a claim of a constitutional violation, or (4) the proceeding was "infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United States v. Addonizio*, 99 S. Ct. 2235, 2240-41 (1979). Accordingly, the district court had no jurisdiction over Appellant's motion whether considered under its actual label of § 3582(b)(3) or construed under any different statutory framework.

[3] Appellant also filed a motion to proceed without transcripts. We deny the motion as moot.