[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10693
Non-Argument Calendar

_____

D. C. Docket No. 89-00190-CR-J-20-TEM

KENNETH LEON WOOD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2007)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Leon Wood, a federal pro se prisoner, appeals the district court's

denial of his motion to modify his life sentence, pursuant to 18 U.S.C. § 3582, which the court recharacterized as a motion to vacate, filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") on two issues:

(1)     Whether the district court erred by construing Wood's 18 U.S.C. § 3582 claims regarding Amendment 591 and 599 to the sentencing guidelines as 28 U.S.C. § 2255 claims; and

(2)     If not, whether the district court erred by recharacterizing the appellant's 18 U.S.C. § 3582 motion as a motion to vacate pursuant to 28 U.S.C. § 2255, without first giving the appellant an opportunity to withdraw the motion or to amend it to include all of his § 2255 claims. See Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003).

On appeal, Wood states that he was sentenced under the federal Sentencing Guidelines. He then argues that he filed a pro se pleading which was clearly labeled as a "Motion to Modify Sentence under § 3582." Moreover, he asserts, in that motion, he noted that his sentence should have been amended based upon Amendments 591 and 599 and that we have held that a motion to modify is the propr mechanism to seek relief on a retroactive amendment to the Sentencing Guidelines.

In a proceeding to modify a sentence under § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). The district court's denial of a motion to reduce a sentence pursuant to 18

2

U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  Id.

Section 1B1.10(a) of the Sentencing Guidelines allows a defendant to move, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence based on a guideline range applicable to the defendant which has been subsequently lowered because of an amendment to the Guidelines.  See U.S.S.G. § 1B1.10(a). Section 3582(c) provides for modification of a defendant's sentence under three circumstances.  First, on a motion of the Director of the Bureau of Prisons, under specific circumstances regardless of whether the defendant was sentenced under the Sentencing Guidelines.  18 U.S.C. § 3582(c)(1)(A).  Second, pursuant to Federal Rule of Criminal Procedure 35, which allows a court to correct  a prisoner's sentence when (1) it resulted from arithmetical, technical, or clear error and within seven days of the sentencing, or (2) the government has filed a substantial assistance motion.  18 U.S.C. § 3582(c)(1)(B).  Third, upon motion of the defendant or the Director of the Bureau of Prisons, if the defendant was sentenced under the Guidelines and the sentencing range subsequently has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Thus, only the third option is open to Wood.  However, a review of the record of Woods's conviction reveals that he was not sentenced pursuant to the Sentencing Guidelines.  Because Wood was not sentenced under the Guidelines, he could not

3

obtain relief under § 3582(c)(2). A district court is obligated to determine whether a pro se litigant's claims are cognizable under a different statutory framework. United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). The district court thus did not err when it recharacterized Wood's motion as one filed pursuant to § 2255.

Wood next argues that a district court may not re-characterize a defendant's pleadings without first informing the defendant that any subsequent § 2255 motions would be subject to the restrictions of a second or successive § 2255 motion and providing that defendant with an opportunity to withdraw or amend the motion. Wood asserts that the district court failed to comply with these requirements. Finally, Wood states that he "deliberately invoked" § 3582, did not want to file a § 2255 motion, and "should not be compelled to utilize § 2255."

The Supreme Court has held that, when a court recharacterizes a pro se litigant's motion as a first § 2255 motion, the defendant must be (1) given notice of the recharacterization, (2) informed that any subsequent § 2255 motion will be subject to the restrictions of a "second or successive" motion, and (3) provided an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims. Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003). The Court held that, if a district court fails to comply with

4

those requirements, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id.

The district court did err in recharacterizing Wood's motion without first giving him notice and an opportunity to withdraw or amend the motion. However, the remedy for that failing is not remand. Instead, as stated in Castro, the instant motion cannot be considered to have become a § 2255 motion for purposes of determining whether any future § 2255 motion is second or successive.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error. For the foregoing reasons, we affirm.

**AFFIRMED.**