[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12036
Non-Argument Calendar

_____

D. C. Docket No. 95-06031-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY TOPAZ TURNER,
a.k.a. Tracy Thomas,
a.k.a. Tony Brow,
a.k.a. Tony H. Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Tracy Topaz Turner, a federal prisoner proceeding pro se, appeals the denial of his motion for a reduction in sentence based on Amendment 484 to the Sentencing Guidelines, filed pursuant to 18 U.S.C § 3582(c)(2), and subsequent motion for reconsideration. Turner argues that the district court abused its discretion in denying his § 3582 motion and his motion for reconsideration because Amendment 484 is retroactive and, accordingly, should be applied to adjust his sentence. Specifically, Turner argues that the district court erred in sentencing him based on a finding that he was responsible for 61.4 grams of cocaine base ("crack cocaine") because the drugs seized in the case were wet at the time they were weighed and analyzed. Turner asserts that Amendment 484 dictates that water weight must be excluded from the weight of usable crack cocaine attributable to his conduct. Accordingly, Turner contends that we should remand for resentencing in order to recalculate the drug quantity attributable to his conduct based on its dry weight. For the reasons set forth more fully below, we affirm.

In 1995, a federal grand jury indicted Turner and codefendants Clinton Burns and Norman Robinson for one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Following a jury trial, Turner was found guilty on all three counts. The district court sentenced Turner to concurrent terms of 360 months' imprisonment as to each count. We affirmed Turner's conviction and sentence. Turner subsequently filed the instant motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), which the district court summarily denied. Turner then filed a motion for reconsideration, styled as a Fed.R.Civ.P. 59(e) motion to alter or amend judgment, which the district court also denied.

We review for abuse of discretion the district court's denial of a § 3582(c)(2) motion to reduce a sentence. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam) (citation omitted). Pursuant to § 3582(c)(2), a district court may modify an imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). An amendment is retroactive for purposes of § 3582(c)(2) only if it is listed in U.S.S.G. § 1B1.10(c). United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003); U.S.S.G. § 1B1.10(a) and comment. (n.1).

Amendment 484 to the sentencing guidelines, which became effective on November 1, 1993, provides, in pertinent part, that, for sentencing purposes, the definition of "mixture or substance" as used in 21 U.S.C. § 841 and U.S.S.G.

3

§ 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. App. C, Amend. 484. The Sentencing Commission went on to explain that the amendment addresses cases where "a controlled substance [is] bonded to, or suspended in, another substance (e.g., cocaine mixed with beeswax); however, the controlled substance is not usable until it is separated from the other substance." Id. Because this amendment is listed in U.S.S.G. § 1B1.10(c), it is available retroactively and may provide the basis for a reduced sentence under § 3582(c)(2). Armstrong, 347 F.3d at 907; U.S.S.G. § 1B1.10(a) and (c), comment. (n.1).

In the instant case, although Amendment 484 is retroactive, Turner's argument fails because the amendment does not apply to his case. Because Turner was sentenced in 1995, Amendment 484, which became effective in November 1993, is not a "subsequent" amendment within the meaning of § 3582(c)(2). Thus, the district court did not have jurisdiction to consider Turner's motion. See United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a motion could be addressed under § 3582(c) only if the appellant was arguing that his sentence should be modified "based on a subsequent sentencing guideline amendment"). Accordingly, the district court did not abuse its discretion in denying Turner's motion for a sentence reduction pursuant to 18 U.S.C.

4

§ 3582(c)(2) or his motion for reconsideration.

In light of the foregoing, the district court's denial of Turner's 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence is

**AFFIRMED.**