[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14977
Non-Argument Calendar

_____

D. C. Docket No. 93-00121-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY NOLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 28, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Leroy Nolan appeals pro se the denial of his motion to reduce his sentence

of imprisonment for life for conspiring to distribute drugs. 18 U.S.C. § 3582(c)(2). The district court rejected Nolan's argument to reduce his sentence under Amendment 599 of the Sentencing Guidelines. We affirm.

## I. BACKGROUND

Nolan was convicted for his participation in a conspiracy to distribute mixtures of drugs containing heroin, cocaine, and cocaine base. 21 U.S.C. §§ 841(a)(1), 846. Nolan was later convicted of two counts of possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The district court sentenced Nolan for the three crimes based on a single presentence investigation report. The report grouped the conspiracy conviction with one count of possession of a firearm for offense level computations because the firearm charge "embodie[d] conduct that [was] treated as a specific offense characteristic in the guideline applicable" to the conspiracy charge. Under the guidelines, the base offense level for the conspiracy conviction was enhanced by two points because Nolan possessed a firearm in connection with the offense. See U.S.S.G. § 2D1.1(b)(1). The district court sentenced Nolan to imprisonment for life for the conspiracy conviction concurrent with two sentences for 120 months for the firearms convictions.

This Court affirmed Nolan's conspiracy conviction and sentence but vacated and remanded Nolan's convictions and sentences for the possession of firearms.

2

On remand, the district court granted the motions of the government to dismiss the firearms charges. Nolan moved for resentencing and argued that the vacatur of his firearms convictions rendered the firearm enhancement inapplicable to his drug conspiracy charge. The district court denied the motion and ruled that the evidence supported its application of the enhancement. This Court dismissed Nolan's appeal as untimely.

Nolan filed a collateral challenge to his sentence. 28 U.S.C. § 2255. The district court denied the motion on the merits. The district court and this Court denied Nolan's motions for a certificate of appealability.

After Nolan filed two other motions challenging his sentence, he filed a motion to modify. See 18 U.S.C. § 3582(c)(2), Fed. R. Civ. P. 60(b). Nolan argued that Amendment 599 to the Sentencing Guidelines barred the district court from sentencing him for the possession of firearms and using that same conduct to enhance his sentence for his drug conspiracy conviction. The district court denied the motion and ruled that Amendment 599 was not applicable to Nolan "because [Nolan] was not convicted of violating 18 U.S.C. §§ 844(h), 924(c), or 929(a)" and "there was no double counting for firearm use in a single criminal event."

## II. STANDARDS OF REVIEW

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002) (citing <u>United States v. Pelaez</u>, 196 F.3d 1203, 1205 (11th Cir. 1999)). We also review <u>de novo</u> questions regarding subject matter jurisdiction. <u>United States v. Al-Arian</u>, 514 F.3d 1184, 1189 (11th Cir. 2008).

## III. DISCUSSION

Nolan argues that the district court should have applied Amendment 599 of the Sentencing Guidelines to modify his sentence and should not have applied the firearm enhancement to his sentence for conspiracy to distribute drugs. These arguments fail. We address each argument in turn.

*A. Amendment 599 Does Not Apply to Nolan.*

Nolan argues that Amendment 599 bars enhancement of his sentence for his possession of a firearm when he was convicted and sentenced on a separate charge related to the firearm. He argues that the application of the firearm enhancement constitutes double-counting. We disagree.

The district court did not err by concluding that Amendment 599 did not apply to Nolan. Amendment 599 amended only the commentary to Section 2K2.4

4

of the Sentencing Guidelines. U.S.S.G. App. C., Amendment 599; U.S.S.G. § 1B1.10(c). Section 2K2.4 governs the base offense level for individuals who have violated sections 844(h), 924(c), or 929(a) of Title 18 of the United States Code. See U.S.S.G. § 2K2.4. Amendment 599 was factually inapplicable to Nolan's conviction because he was sentenced under Section 3D1.2. 21 U.S.C. §§ 841(a)(1), 846; see United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003). Nolan's related argument that his sentence for the conspiracy charge involved duplicative punishment is without merit.

### B. We Lack Jurisdiction to Consider Nolan's Challenge of the Firearm Enhancement.

Nolan raises two arguments regarding the use of the firearm enhancement. First, he argues for the first time on appeal that the district court should not have applied the enhancement because there was no evidence to establish that he possessed the firearm in connection with the drug conspiracy and he never was charged with possession of a weapon in connection with the conspiracy. Second, Nolan argues that his firearm conviction was erroneously bundled with his conspiracy conviction at sentencing and, after this Court vacated the firearm charges, he should have been resentenced for the conspiracy conviction.

When we look beyond the label of Nolan's motion, United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003), we do not have jurisdiction to entertain

5

his arguments. Nolan did not apply for or receive permission from this Court to file a successive motion to vacate his sentence. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Nolan's argument is also precluded from review under the law-of-the-case doctrine. The district court rejected Nolan's argument to reexamine his sentence, and we dismissed the appeal of that decision as untimely. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560–61 (11th Cir. 1997).

We affirm the denial of Nolan's section 3582(c)(2) motion and dismiss Nolan's remaining arguments for lack of jurisdiction.

**AFFIRMED IN PART; DISMISSED IN PART.**