[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12817
Non-Argument Calendar
_____

D. C. Docket No. 95-08068-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERCIVAL JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Percival James, a federal prisoner proceeding pro se, appeals from the district court's denial of his pro se "actual innocence" motion, in which he argued that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1. For the reasons set forth below, we affirm.

**I.**

In 1995, James pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The probation officer prepared a pre-sentence investigation report ("PSI"), in which she calculated James's applicable guideline range as follows. She determined that James was responsible for 79.98 grams of crack cocaine, giving him a base offense level of 32, pursuant to U.S.S.G. § 2D1.1. However, she found that James was a career offender under U.S.S.G. § 4B1.1 because he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." She explained that James had two convictions for the "sale" of cocaine and a prior conviction for aggravated battery. James's status as a career offender gave him a new offense level of 37, which was then reduced to 34 after he received a 3-level reduction for acceptance of responsibility. James had a criminal history category of VI which, when coupled with his offense level of 34, produced an applicable guideline range of 262-327 months' imprisonment. James did not raise any

2

objections to the PSI, and the district court sentenced him to 262 months' imprisonment in January 1996. James did not file a direct appeal.

In April 1997, the government filed a motion to reduce James's sentence based on his substantial assistance, pursuant to Fed.R.Crim.P. 35. Before the court ruled on the government's motion, James filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. James argued, inter alia, that his sentence was imposed "in violation of the Sentencing Guidelines" and that his attorney was ineffective at sentencing by failing to explain that his cocaine convictions would subject him to the career offender enhancement.

The district court then granted the government's Rule 35 motion and, in June 1998, entered an amended judgment re-sentencing James to 202 months' imprisonment. Finding that James could no longer attack his original sentence, the district court then denied James's § 2255 motion as moot.

Nearly ten years later, in February 2008, James filed the instant pro se "Nunc Pro Tunc Motion Based on Defendant's 'Actual Innocence' of the Illegal Sentence Enhancement." Insofar as categorizing the motion, James noted that "federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statu[t]e would provide relief." At the same time, however, James stated that his motion was "not to be construed as a 28 U.S.C.

§ 2241, or a 28 U.S.C. § 2255, nor a Application for a Successive 28 U.S.C. § 2255." Later in the motion, however, James suggested that his motion was in fact a § 2255 motion, as he discussed the actual innocence exception to the procedural default doctrine.

With respect to James's substantive argument, he submitted that he was erroneously sentenced as a career offender under § 4B1.1 because his two prior convictions for the sale of cocaine did not qualify as controlled substance offenses under § 4B1.2(b). James explained that while § 4B1.2(b) defined a controlled substance offense as one involving the manufacture, import, export, distribution, or dispensation of a controlled substance, he was convicted only for the "sale" of a controlled substance, which was substantively different from distribution and thus outside the scope of § 4B1.2. Accordingly, James requested that he be re-sentenced without the career offender enhancement.

Construing James's motion as a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2), the district court ordered the government to respond. In response, the government construed James's motion as a § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, and it argued that James was ineligible for a sentencing reduction because he was sentenced as a career offender. Furthermore, the government argued that James could not "get around

4

this bar" by arguing that he was convicted of selling, rather than distributing, cocaine, because "[t]he words sale and distribution are interchangeable . . . ."

James replied by repeating his argument that his convictions for the sale of cocaine did not qualify as controlled substance offenses because, contrary to the government's argument, "sale" and "distribution" were not interchangeable. James again requested that the court construe his motion in whatever manner would afford him relief. He also repeated his discussion about the actual innocence exception to the procedural default doctrine but, notably, did not argue that his motion should not be construed as a § 2255 motion.

On April 1, 2008, the district court entered two orders summarily denying James's motion. The first order treated James's motion as a § 3582(c)(2) motion, and the second order simply referred to James's motion as an "actual innocence" motion.

James filed a motion for clarification, requesting that the court reinstate his motion because the court erroneously construed it as a § 3582(c)(2) motion. James explained that he never intended to file a § 3582(c)(2) motion, but rather intended only to file a an "actual innocence" claim. The court summarily denied the motion, stating that James's motion had been "reviewed and readdressed in the order dated April 1, 2008 . . . ." This appeal followed.

5

**II.**

"We review whether a court has jurisdiction as a question of law subject to plenary review." United States v. Stossel, 348 F.3d 1320, 1321 (11th Cir. 2003). "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." Id. at 1322 n.2.

**III.**

In this case, James did not specify the statutory basis upon which he requested the court to correct his sentence. Nonetheless, James's "motion could be construed as an appeal under 18 U.S.C. § 3742, a motion under 18 U.S.C. § 3582(c), a Federal Rule of Criminal Procedure 35 motion, or a motion to vacate under 28 U.S.C. § 2255. None of these constructions, however, aid [James]." Stossel, 348 F.3d at 1322 n.2; see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-19 (11th Cir. 2002) (holding that a district court has no inherent authority to modify a sentence).

First, § 3742(a) allows a defendant to file a direct appeal from his sentence if it was, inter alia, "imposed as a result of an incorrect application of the sentencing guidelines . . . ." 18 U.S.C. § 3742(a)(2). However, James waited nearly 10 years to file such an appeal, well beyond the 10-day deadline.

6

Fed.R.App.P. 4(b)(1)(A)(i); <u>Stossel</u>, 348 F.3d at 1322 n.2.

Second, "Rule 35 only allows sentence modification for: (1) correcting arithmetical, technical, or other clear error within 7 days after sentencing, or (2) reducing a sentence for substantial assistance to the government." <u>Stossel</u>, 348 F.3d at 1322 n.2 (quotation omitted); <u>see</u> Fed.R.Crim.P. 35(a)-(b). In this case, James "is not entitled to relief under either option because he filed his motion well after the 7-day limitation period and his claim did not involve substantial assistance." <u>Stossel</u>, 348 F.3d at 1322 n.2.

Third, 18 U.S.C. § 3582(c)(2) permits a defendant to obtain a sentencing reduction where his guideline range has been subsequently lowered by a retroactive amendment to the Guidelines. 18 U.S.C. § 3582(c)(2). James, however, explicitly stated below that he was not relying on § 3582(c)(2). Indeed, it is clear that James seeks to challenge "the <u>application</u> of the guidelines . . . and does not reference any guideline amendment, making § 3582(c)(2) inapplicable." <u>Stossel</u>, 348 F.3d at 1322 n.2.

Finally, 28 U.S.C. § 2255 permits a defendant in federal custody to collaterally attack his sentence. <u>See</u> 28 U.S.C. § 2255(a). In this case, James specifically instructed the court not to construe his actual innocence motion as a § 2255 motion. On the other hand, James repeatedly instructed the court to

construe his motion under whatever statute might afford him relief, and he discussed the actual innocence exception to the procedural default doctrine, implying that he was in fact bringing a § 2255 motion.

Regardless of these mixed signals, the government contends the court could not have liberally construed James's motion as a § 2255 motion because James did not obtain authorization from this Court to file a successive § 2255 motion. However, it does not appear that James was required to obtain authorization from this Court because the district court denied James's first § 2255 as moot, not with prejudice. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); cf. Walker v. Crosby, 341 F.3d 1240, 1245 n.4 (11th Cir. 2003) (Appellant's 2001 application was not a second or successive application under § 2244(b) because Appellant's 1998 application was dismissed without prejudice for failure to exhaust state remedies.").

Nonetheless, even if the court could have construed James's motion as an original § 2255 motion, James would not have been entitled to relief. This is so because James's § 2255 motion would have been untimely, as there is "a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run

8

following one of four events, the relevant trigger in this case being 'the date on which the judgment of conviction becomes final.'"[1] Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007), cert. denied, 129 S.Ct. 159 (2008) (quoting 28 U.S.C. § 2255). James's judgment of conviction became final, at the very latest, in 1998 when he failed to appeal from the court's amended judgment. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (stating that the movant's judgment of conviction became final ten days after it was entered because he did not file a timely notice of appeal). Thus, the district court would have dismissed James's § 2255 motion as untimely had it been construed as such.

In sum, there is no statutory basis upon which the district court could have granted James relief. Accordingly, we affirm.

**AFFIRMED.**

---

[1] The other three triggering dates in § 2255 have no application to this case, as there is no indication of any impediment created by unlawful governmental action, 28 U.S.C. § 2255(f)(2), James is not attempting to capitalize on a right newly recognized by the Supreme Court and made retroactive to cases on collateral review, id. § 2255(f)(3), and there is nothing to suggest that James was previously unable to discover the facts supporting his claim through the exercise of due diligence, id. § 2255(f)(4).