[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15212
Non-Argument Calendar

_____

D. C. Docket No. 99-00903-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE SMITH,
a.k.a. Terry,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Terrence Smith, proceeding *pro se*, appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. Smith's § 3582(c)(2) motion was based on Amendment 591 to the Sentencing Guidelines, which requires the selection of the applicable guideline be based on the statute of conviction, rather than judicial findings of relevant conduct not made by the jury. Smith asserts the offense level for his arson conviction, 18 U.S.C. § 844(i), was improperly based upon the guideline applicable to first-degree murder, in light of Amendment 591.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements provide that a court may reduce a defendant's sentence, pursuant to § 3582(c)(2), where "the guideline range applicable to that defendant has subsequently been lowered as a result of" a covered amendment to the Guidelines. U.S.S.G. § 1B1.10(a)(1).

2

Amendment 591 became effective on November 1, 2000, and Smith was sentenced on July 30, 2001. Therefore, although the Amendment was made retroactive by incorporation into U.S.S.G. § 1B1.10(c), it does not constitute a subsequent amendment within § 3582(c)(2) and the applicable policy statement because it was already in effect at the time he was sentenced. *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a *pro se* inmate's motion "could fit under § 3582(c) only if he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment"). Moreover, we previously rejected Smith's challenge to the calculation of his offense level by reference to the first-degree murder guideline in his direct appeal. *See United States v. Smith*, No. 01-14427, manuscript op. at 18-19 (11th Cir. Jan. 31, 2003). Accordingly, the district court did not err in denying the motion, and we affirm.

**AFFIRMED.**