[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2010
JOHN LEY
ACTING CLERK

No. 09-12699
Non-Argument Calendar

_____

D. C. Docket No. 01-06149-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO POUX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Ernesto Poux, a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* motion to correct his presentence investigation report (PSI), purportedly brought pursuant to Fed. R. Crim. P. 36. On appeal, Poux argues the district court erred by denying his motion because a 1997 state court drug conviction reflected in the PSI violated the Excessive Fines Clause of the Fifth Amendment and the Eighth Amendment's Double Jeopardy Clause, and absent this conviction, his sentence would not have been enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After review, we affirm.[1]

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have recognized Rule 36 only allows for the correction of clerical mistakes that are "minor and mechanical," and "[i]t is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal

---

[1] "We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure." *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). This includes whether to grant relief under Rule 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

sentence." *United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004) (quotation omitted).

Rule 36 is inapplicable. Poux did not identify a clerical error; rather, Poux sought to have the PSI amended with a notation his 1997 state court conviction violated the Eighth Amendment and the Fifth Amendment. By challenging the validity of that underlying conviction and, accordingly, the validity of the ACCA sentencing enhancement, Poux essentially raised a substantive challenge to the PSI. The district court did not err in concluding Rule 36 did not provide a basis for relief because Poux raised a substantive challenge to the PSI as opposed to a "clerical" mistake.[2]

**AFFIRMED.**

---

[2] Although Poux styled the instant pleading as a motion to correct his sentence under Fed. R. Crim. P. 36, we have held "[f]ederal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework," *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). However, no other statute or rule can provide Poux with the relief he seeks.

3