[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

No. 11-11732
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20899-ASG-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL ALMANZA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2011)

Before EDMONDSON, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

Miguel Almanza appeals his 151-month sentence, imposed after he pleaded guilty to (1) conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and (2) making false claims against the United States, in violation of 18 U.S.C. § 287. On appeal, Almanza argues that the district court erroneously dismissed his motion to clarify his sentence for lack of subject matter jurisdiction.[1]

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *United States v. Stossel*, 348 F.3d 1320, 1321 (11th Cir. 2003). A district court may not modify a term of imprisonment once it has been imposed except (1) on motion of the Director of the Bureau of Prisons or (2) to the extent permitted by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1). Rule 35 permits a defendant to move within fourteen days of sentencing to correct his sentence for "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The fourteen-day time requirement to file a Rule 35(a) motion is a "jurisdictional restriction" on the district court's power to grant relief. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002).

Here, there has been no motion by the Director of the Bureau of Prisons to amend Almanza's sentence. Although the district court finalized his sentence on

---

[1]Almanza seeks to amend his sentence because the sentence imposed differed from the district judge's oral pronouncement. Because we find that the district court properly dismissed for lack of subject matter jurisdiction, we do not address the merits of his claim.

2

April 26, 2010, Almanza did not file a motion for clarification until March 17, 2011—over three hundred days past the deadline. Because he did not file this motion within the time required by Rule 35, we conclude that the district court properly dismissed Almanza's motion for lack of subject matter jurisdiction.

**AFFIRMED.**