[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13786
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00045-RS-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVIN NUNNALLY,
a.k.a. Rick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 17, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Trevin Nunnally, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion that sought a sentence reduction pursuant to Amendments 516, 518, and 667 to the Sentencing Guidelines. On appeal, Nunnally argues that the district court erred by failing to grant him relief under Amendments 518 and 667, and by construing his motion as one seeking relief under Amendment 750.[1]

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). We review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Section 3582 provides that a court may reduce a defendant's term of imprisonment where a defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2); see also United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

---

[1] In his initial brief, Nunnally does not mention Amendment 516, and thus he has waived any argument that his sentence should be reduced on this basis. See United States v. Wright, 607 F.3d 708, 713 (11th Cir. 2010).

Here, the district court properly denied Nunnally's motion to reduce his sentence under Amendments 518 and 667. Nunnally was sentenced in 2006, but Amendment 518 became effective in 1995, see U.S.S.G. App. C, Amend. 518, while Amendment 667 became effective in 2004, see id., Amend. 667. Because these Amendments became effective before Nunnally's sentencing date, they cannot serve as the basis for relief under § 3582(c)(2), which is available only where the sentencing guidelines were amended subsequent to sentencing. See 18 U.S.C. § 3582(c)(2).

Nunnally contends that the district court erred by construing his motion as additionally seeking relief under Amendment 750. However, the district court merely concluded that this issue was not yet ripe and dismissed it without prejudice.[2] Because Nunnally suffered no harm from this decision, we need not address this issue further.

**AFFIRMED.**[3]

---

[2]    We note that during the pendency of this appeal, Amendment 750's retroactivity was incorporated into the Guidelines. See U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, Amend. 759. If he complies with the district court's orders, see dkt. 273 at 2-3, dkt. 392 at 1, Nunnally is free to file a new motion for relief that specifically addresses his arguments, if any, under these Amendments.

[3]    Nunnally's request for oral argument is DENIED.

3