[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10094
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60236-WJZ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL OTIS GARRISON, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 14, 2020)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Daniel Garrison appeals the district court's order denying his pro se Motion

to Dismiss Case and Vacate Sentence for Lack of Jurisdiction, pursuant to 28 U.S.C.

§ 2072(b) and Federal Rule of Civil Procedure 60(d).  On appeal, Garrison argues that the district court abused its discretion by failing to recharacterize his motion as a 28 U.S.C. § 2255 motion.  After careful review, we vacate and remand.

We review de novo questions concerning the jurisdiction of the district court. United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  Whether a district court has the authority to modify and vacate a sentence is also a question of law subject to de novo review.  Id.  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack."  Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1260 (11th Cir. 2004); see also 28 U.S.C. § 2255(a) (providing the basis for relief if a prisoner in custody claims the right to be released on the ground that the court lacked jurisdiction to impose his sentence).  There is a one-year statute of limitations for filing a § 2255 motion.  See 28 U.S.C. § 2255(f).

"Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003); United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long

2

recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."). Thus, courts "sometimes will ignore the legal label that a pro se litigant" uses and construe the motion as a § 2255 motion. Castro v. United States, 540 U.S. 375, 381 (2003). However, if a court decides to recharacterize a pro se litigant's motion as a first § 2255 motion, it must: (1) notify the litigant of the pending recharacterization, (2) warn him that recharacterization will subject any subsequent § 2255 motion to restrictions, and (3) give the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims. Id. at 383. If the district court fails to adhere to these requirements, the motion cannot be considered a § 2255 motion for the purposes of applying the second or successive restrictions to the defendant's later § 2255 motions. Id.

In Zelaya v. Secretary, Florida Department of Corrections, a pro se inmate filed a § 2241 habeas petition and expressly rejected any perceived attempt by the court to recharacterize his petition as a § 2255 motion, even after he obtained counsel. 798 F.3d 1360, 1367 (11th Cir. 2015). We held that the district court committed no error in declining to sua sponte recharacterize the petition as a § 2255 motion to vacate against his express wishes because recharacterization would have subjected any subsequent § 2255 motion to restrictive conditions, and the inmate evinced an unambiguous desire to proceed under § 2241. Id. at 1367–69. We noted

that while courts "must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief," Castro did not hold that a federal court must recharacterize a pleading as a § 2255 motion; instead, it held that if a court chooses to do so, it must provide the requisite notice. Id. at 1366–67 (quotations omitted).

Here, we agree with the district court that neither 28 U.S.C. § 2072(b) nor Fed. R. Civ. P. 60(d) could have been used to collaterally attack Garrison's conviction and sentence.[1]  Nonetheless, the record indicates that the district court did not consider the possibility of recharacterizing Garrison's motion as his first 28 U.S.C. § 2255 motion to vacate, and as we've said before, "[f]ederal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework."  See Stossel, 348 F.3d at 1322 n.2; see also Jordan, 915 F.2d at 624–25; Zelaya, 798 F.3d at 1366–67.  Thus, while the district court was not obligated to recast Garrison's motion as a § 2255 motion,

---

[1] Garrison styled his pro se motion as a "Motion to Dismiss Case and Vacate Sentence for Lack of Jurisdiction under 28 U.S.C. 2072(b) and Rule 60(d)."  However, neither of those provisions offers Garrison a basis for relief, and his counsel does not argue otherwise.  While § 2072 gives the Supreme Court the authority to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts and courts of appeals, it "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(a).  As for Federal Rule of Civil Procedure 60(d)(1), it merely "preserves a court's historical equity power to 'entertain an independent action to relieve a party from a judgment, order, or proceeding' . . . [where] relief is required to 'prevent a grave miscarriage of justice.'"  Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014) (quotations omitted).  Among other things, because § 2255 provides an avenue for Garrison to raise his challenges, we cannot say that proceeding under Rule 60(d) is necessary to prevent a miscarriage of justice.

it erred by not considering whether it should do so in this case. Indeed, it appears that two of Garrison's claims could have properly been brought under § 2255 -- including his ineffective-assistance-of-counsel claim and his claim that the district court lacked subject matter and personal jurisdiction to convict and sentence him. See Gonzalez, 366 F.3d at 1260; 28 U.S.C. § 2255(a).

As for our decision in Zelaya, it is distinguishable. Unlike in Zelaya, Garrison's post-conviction motion did not expressly reject any perceived attempt by the district court to recharacterize his petition as a § 2255 motion. See 798 F.3d at 1367. And as for the government's argument that Garrison filed his motion within the one-year time frame for filing a § 2255 motion, and thus, could have re-filed a properly labeled § 2255 motion, our case law does not excuse the court's obligation to look beyond the label of a pro se filing on that basis. See Stossel, 348 F.3d at 1322 n.2; Jordan, 915 F.2d at 624−25; Zelaya, 798 F.3d at 1366–67.

Accordingly, we vacate the district court's order dismissing Garrison's post-conviction motion and remand for the district court to consider whether it should be construed as a § 2255 motion and provide Garrison the opportunity to amend or withdraw his motion. We note that, if, on remand, the district court decides to recharacterize Garrison's petition as his first § 2255 motion, the court should warn Garrison of the consequences of recharacterization in accordance with the directions in Castro. See Castro, 540 U.S. at 383.

5

**VACATED AND REMANDED.**