[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10268

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY JAY GOLDBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:13-cr-80082-KAM-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Goldberg, a federal prisoner proceeding *pro se*, appeals the district court's order denying his *pro se* construed successive 28 U.S.C. § 2255 motion. In support, he argues that the district court should have construed his motion as having been brought under 28 U.S.C. § 2241 and that it did not provide him with proper notice when it construed his motion as one under § 2255, citing *Castro v. United States*, 540 U.S. 375 (2003). He also requests that we treat his brief as an application for permission to file a successive § 2255 motion.

The government responded by moving for summary affirmance and for a stay of the briefing schedule. It contends that Goldberg filed an earlier 28 U.S.C. § 2255 motion that the district court denied on its merits, and thus, he had to get our permission to file a successive motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* the district court's dismissal of a § 2255 motion as successive. *McIver v. United States*, 307 F.3d 1327, 1329

(11th Cir. 2002).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a federal prisoner may only file one § 2255 motion, and assuming that it is denied in a "judgment on the merits," he must obtain leave from the Court of Appeals before filing a successive motion.  *See Boyd v. United States*, 754 F.3d 1298, 1299-1302 (11th Cir. 2014); 28 U.S.C. § 2244(b)(3)(A).  Without our authorization, the district court lacks jurisdiction to consider a successive habeas petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

"Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework."  *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).  Therefore, a district court is authorized to recharacterize a *pro se* litigant's motion for relief from a criminal judgment as a § 2255 motion to vacate.  *See Castro*, 540 U.S. at 382-83.  However, a district court must warn a *pro se* litigant about restrictions on second or successive § 2255 motions when it construes his motion as a first § 2255 motion.  *Id.* at 383.

Pursuant to § 2241, federal courts may grant habeas relief to prisoners who are being detained in violation of the Constitution. *See* 28 U.S.C. § 2241(c)(3).  "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence."  *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (*en banc*) (quotation marks omitted) ("A motion to vacate covers only

challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.").

Here, the district court properly determined that it lacked jurisdiction because Goldberg's initial § 2255 motion had been denied on its merits and he had not received our permission to file a successive § 2255 motion. To the extent that he argues that the district court should have construed his motion as being filed under § 2241, his motion was not cognizable under § 2241 because he attacked the validity of his sentence. Also, his *Castro* argument is unavailing because the district court did not construe his motion as a first § 2255 motion but a successive one, so the *Castro* warnings were unnecessary. Finally, we deny his request to construe his initial brief as a successive application because, while his appeal was pending, he filed a separate application and raised the same arguments that he raises in his initial brief, and we denied it.

Accordingly, we **GRANT** the government's motion for summary affirmance, **DENY** as moot its motion to stay the briefing schedule, **AFFIRM** the denial of Goldberg's construed § 2255 motion, and **DENY** his request to construe his initial brief as a successive application.