[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14033

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAEES QAZI,
a.k.a. Shan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:12-cr-60298-BB-1

_____

Before JILL PRYOR, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

In 2015 in his criminal case, Raees Qazi was convicted of terrorism-related offenses. In a separate civil proceeding, Qazi unsuccessfully pursued 28 U.S.C. § 2255 relief. Then, back in his criminal case in 2022, Qazi filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). After review, we conclude the district court correctly denied Qazi's Rule 60(b)(6) motion because Rule 60(b)(6) relief is not available in a criminal case.

## I.  BACKGROUND

Although the resolution of this appeal is fairly straightforward, it is helpful first to summarize some of the procedural history of Qazi's prior motions filed pursuant to § 2255 and Rule 60(b)(6).

## A.    Conviction and Original § 2255 Motion

In 2015, Qazi pled guilty and was convicted of conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a) (Count Two), attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count Five), and conspiring to forcibly assault a federal employee, in violation of 18 U.S.C. §§ 371 and 111(a)(1), (b) (Count Six). The district court sentenced Qazi to 180 months on Count Two, 180 months on Count Five and 60 months on Count

Six, all to run consecutively, for a total sentence of 420 months' imprisonment. Qazi did not file a direct appeal.

In 2016, Qazi filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Qazi's § 2255 motion was docketed as a separate civil action, 16-CV-61177-BB, and all further pleadings relating to his § 2255 proceeding were also docketed in that civil action.[1]

Qazi's § 2255 motion acknowledged that he had not appealed his judgment of criminal conviction. The § 2255 motion raised several claims, including ineffective-assistance-of-trial-counsel claims. But Qazi's § 2255 motion did not argue that his trial counsel was ineffective for failing to file a direct appeal. The district court denied Qazi's initial § 2255 motion on the merits. Qazi did not appeal.

## B. Second § 2255 Motion

In May 2022, Qazi filed a *pro se* second § 2255 motion, arguing for the first time that his trial counsel was ineffective for failing to file a direct appeal. Qazi's § 2255 motion also argued he could prove his actual innocence to overcome his procedural default of this ineffective assistance claim.

The district court dismissed Qazi's second § 2255 motion for lack of jurisdiction because Qazi had not received permission from this Court to file a successive § 2255 motion. The district court

---

[1] The same district court judge in the Southern District of Florida presides over both Qazi's criminal case and his § 2255 proceedings.

denied Qazi's subsequent Rule 60(b)(6) motion that he filed as to this second § 2255 motion, reaffirming that Qazi's second § 2255 motion was unauthorized. Qazi appealed, but his appeal was later dismissed for want of prosecution.[2]

## C.    Rule 60(b)(6) Motion Filed in Criminal Case

In October 2022, Qazi filed in his criminal case a motion for compassionate release under 18 U.S.C. § 3582 based on the COVID-19 pandemic. The district court denied the motion, and Qazi appealed.[3]

A few weeks later, in November 2022, Qazi also filed in his criminal case the Rule 60(b)(6) motion that is the subject of this appeal.[4] Qazi's Rule 60(b)(6) motion sought an order "setting aside the judgement [sic] to deny his previously filed § 2255 motion," without identifying which previously filed § 2255 motion. Qazi argued that extraordinary circumstances—his actual innocence and his trial counsel's failure to file a direct appeal—warranted Rule 60(b)(6) relief. Additionally, Qazi's motion stated that: (1) Rule 60(b)(6) was "the proper vehicle to set the court's judgement [sic] aside"; (2) his claim was "cognizable only in a motion under Fed. R. Civ. P., Rule 60(b)(6)" and was not "actionable in a § 2255 post-

---

[2] In July 2022, Qazi filed a third *pro se* § 2255 motion, raising an issue unrelated to the issues in this appeal. The district court dismissed the motion as an unauthorized successive § 2255 motion, and Qazi did not appeal.

[3] This Court subsequently dismissed Qazi's appeal of the denial of his motion for compassionate release for want of prosecution.

[4] Qazi included only his criminal case number on his Rule 60(b)(6) motion.

conviction proceeding"; and (3) "[t]his motion may not be recharacterized as a second or successive § 2255 motion."

The district court summarily denied Qazi's Rule 60(b)(6) motion. This appeal followed.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a party in a civil proceeding to seek relief or reopen a final judgment or order for reasons such as mistake, newly discovered evidence, or, as relevant here, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), the movant must show "that circumstances are sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation marks omitted). However, the Federal Rules of Civil Procedure do not apply to criminal cases, and this Court has held that "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

The district court did not err in denying Qazi's Rule 60(b)(6) motion. Qazi filed his Rule 60(b)(6) motion in his criminal case, where the district court is unable to grant such relief. *See id.* at 1318.[5]

---

[5] Notably, while this appeal was pending, Qazi filed another Rule 60(b)(6) motion in his § 2255 proceeding. The district court denied the motion on the merits, explaining that it lacked jurisdiction to entertain Qazi's second § 2255 motion because Qazi has never obtained this Court's authorization to file a successive § 2255 motion raising a claim as to his trial counsel's failure to file a direct appeal.

Ordinarily, federal courts "are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Here, however, Qazi's motion specified that he was proceeding under only Rule 60(b)(6), explicitly denied proceeding under § 2255, and forbade the district court from recharacterizing his Rule 60(b)(6) motion as "a second or successive § 2255 motion."

Moreover, on appeal, Qazi continues to refer to his motion as a Rule 60(b)(6) motion and does not argue that the district court should have construed his motion as anything else. Thus, Qazi has abandoned any argument that his Rule 60(b)(6) motion should have been construed as a § 2255 motion. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that a *pro se* litigant abandons a claim by failing to raise it on appeal).

We reject the government's argument that Qazi's filing of the notice of appeal in his criminal case as to the denial of his compassionate release motion divested the district court of jurisdiction over his subsequent Rule 60(b)(6) motion. The filing of a notice of appeal "divests the district court of its control over those aspects of the case *involved in the appeal*." *Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) (quotation marks omitted). "The district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Id.* (quotation marks omitted). The claims in Qazi's Rule 60(b)(6) motion were unrelated to the issues raised in his appeal of the denial of

compassionate release.   Therefore, Qazi's filing of the notice of appeal did not divest the district court of jurisdiction to consider the Rule 60(b)(6) motion.  *See id.*

**AFFIRMED.**