**Wallace M. FUGATE, III,
Petitioner–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS,
Jim Wetherington, Respondents–
Appellees.**

No. 02–14400.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 2002.

---

Sanjay Kishin Chhablani, Stephen B. Bright, Southern Center for Human Rights, Atlanta, GA, for Petitioner–Appellant.

James Jayson Phillips, State of GA Dept. of Law, Atlanta, GA, for Respondents–Appellees.

Before BIRCH, HULL and MARCUS, Circuit Judges.

BY THE COURT:

Fugate appeals the district court's dismissal of his complaint and moves to enjoin and restrain the defendants from executing him until they take certain measure to minimize the risk of unnecessary pain, suffering and mutilation during the execution process. The execution is presently scheduled for 7:00 P.M., on Wednesday, 14 August 2002.

▬ The district court concluded that Fugate's action, putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus and found that it was without jurisdiction.[1] We hold that the district court correctly dismissed Fugate's complaint. A

complaint seeking relief under 42 U.S.C. § 1983 from a sentence of death as cruel and unusual punishment "constitutes the 'functional equivalent' of a second habeas petition," and "the district court [i]s subject to the law applicable to successive habeas petitions." *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.1997), citing *Felker v. Turpin*, 101 F.3d 95, 96 (11th Cir.1996). The district court lacked jurisdiction to consider Fugate's claim because he had not applied to this court for permission to file a successive application. *See* 28 U.S.C. § 2244(b)(3)(A).

We further note that such an application is due to be denied. *See In re Provenzano*, 215 F.3d 1233, 1235–36 (11th Cir.2000) (finding that a claim that lethal injection as administered is cruel and unusual punishment does not meet the requirements of § 2244(b)(2)(A) or (B)). We, therefore, deny Fugate's request for an injunction and affirm the district court's dismissal.

AFFIRMED.

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132.

---

1. As a petition for writ of habeas corpus, the petition is subject to the requirements of 28 U.S.C. § 2244(b)(3)(A), as amended by the