[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15275
Non-Argument Calendar

_____

D. C. Docket No. 96-00065-CR-3-LAC-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS CASTRA,
a.k.a. Alex Johnson,
a.k.a. Randy Brewer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 4, 2005)**

Before TJOFLAT, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Curtis Castra, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582 motion to modify the terms of his imprisonment, imposed after a jury convicted him for conspiracy to distribute a controlled substance, sale of a controlled substance, possessing a firearm in connection with a drug crime, and unlawful transportation of a firearm in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§ 924(c), 922(g), respectively. The district court denied Castra's motion after finding that it had no jurisdiction to consider it. For the reasons set forth more fully below, we affirm.

Following his convictions, Castra was sentenced to life imprisonment after the district court found Castra's total offense level under the 1995 Federal Sentencing Guidelines to be 40, and found his criminal history category to be IV, which provided for a sentencing range of 360 months to life. On direct appeal, he argued that the evidence was insufficient to support his conviction, the district court erred by denying his severance motions, erred by denying his motion to suppress evidence, and made improper relevant conduct determinations. His convictions and sentences were affirmed.

Subsequently, Castra filed a 28 U.S.C. § 2255 motion to vacate his sentence. In it, he raised two issues: (1) his conviction was obtained as a result of the government's violation of 18 U.S.C. § 201(c)(2), making it a crime to offer

2

anything of value to a person in exchange for testimony, and (2) ineffective assistance of counsel. The motion was denied on January 25, 2000. We subsequently denied his certificate of appealability. We have also denied two applications for leave to file a second or successive § 2255 motion.

On August 27, 2004, Castra filed in district court the present pro se "Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(b)(2)(3), (B) and Pursuant to Title 18 U.S.C. § 3742 (FRCP)." Castra argued that, under 18 U.S.C. § 3582(c)(2)(B), the court had authority "to modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," and that, in certain circumstances, a § 3582 motion is treated as a § 2255 motion. Castra then argued that, through "due diligence and long investigation," he had discovered an error in the PSI's calculations of his criminal history points, and that, pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), he was improperly given a two-level enhancement for his role in the offense because the fact was not found by a jury. Thus, he argued that his offense level should have been 38 and his criminal history category II, for a guidelines' range of 262-327 months' imprisonment.[1] Castra also requested an evidentiary hearing. The

---

[1] Attached with Castra's motion was a letter from the probation office indicating that Castra's criminal history points were incorrectly calculated, and that, as a result of the error, Castra's criminal history category should have been III and not IV. However, the letter also indicated that, even at criminal history category III, Castra's guidelines range would be 360

3

government was never asked to respond and the district court summarily denied Castra's motion, finding that it had no jurisdiction.

On appeal, Castra restates the arguments he made to the district court and contends that because the district court erred in calculating his sentence, it could assert jurisdiction under 18 U.S.C. § 3582 to correct the errors.

"Whether the district court had jurisdiction to resentence [Castra] is a legal question subject to plenary review." United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). In his original motion, Castra argued that he was entitled to resentencing pursuant to 18 U.S.C. §§ 3582(b)(2), (b)(3), and (c)(1)(B).[2] The sections in 3582(b) clarify only that a judgment of conviction is a final judgment notwithstanding the fact that a sentence may later be modified pursuant to § 3582©), on appeal pursuant to 18 U.S.C. § 3742, or by the district court pursuant to statute or Fed.R.Crim.P. 35.[3] See 18 U.S.C. §§ 3582(b). As such, they confer

months to life imprisonment and, therefore, the error had no impact on Castra's sentencing range or the sentence actually imposed.

[2] Castra also listed 18 U.S.C. § 3742 as a grounds for modifying his sentence, but § 3742 provides the grounds on which a defendant can directly appeal his sentence. See 18 U.S.C. § 3742(a). This section does not grant jurisdiction to a district court to review a final sentence. Section 3742 is mentioned in 18 U.S.C. § 3582, but only to clarify that an appeal will not change the fact that the defendant's judgment of conviction is a "final judgment" for all other purposes. See 18 U.S.C. §§ 3582(b)(2)-(3).

[3] Rule 35 provides district courts with the authority to correct or reduce a sentence when it results from, inter alia, "arithmetical, technical, or other clear error," or upon a substantial assistance motion by the government. See Fed.R.Crim.P. 35.

no rights on a criminal defendant. Section 3582(c)(1)(B) permits a district court, in its discretion, to modify a sentence only if authorized to do so by statute or Fed.R.Crim.P. 35. See 18 U.S.C. § 3582(c)(1)(B).

The district court, upon review of Castra's motion to modify his sentence, found that it had no jurisdiction. To the extent that it found so on the basis of Fed.R.Crim.P. 35 (as specified under § 3582 (c)(1)(B)), it was correct, as we have held that Rule 35 is jurisdictional and, unless a district court actually corrects the error complained of within seven days of the sentence being imposed, a district court lacks jurisdiction to do so under Rule 35(c). See Diaz-Clark, 292 F.3d at 1315-17. There is no dispute that Castra's sentence was imposed years before the present motion was filed. Thus, any modification by the district court would have been outside the seven-day window and, consequently, void for lack of jurisdiction. Id. at 1317.

We have further held that a district court has no jurisdiction to modify a defendant's sentence under 18 U.S.C. § 3582(b)(3), as that provision merely defines finality. United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003). Thus, to the extent that Castra relied on Fed.R.Crim.P. 35 and 18 U.S.C. § 3582(b)(3) as the basis for modifying his sentence, the district court correctly ruled that it had no jurisdiction to consider the claim. Also, to the extent the

district court construed the motion as a successive § 2255 motion, it properly dismissed the motion because we have not granted permission to file such a motion, and Castra must, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996), file leave with this Court for permission to file a successive motion to vacate under 28 U.S.C. § 2255.[4]  See Diaz-Clark, 292 F.3d at  1316; see also Fugate v. Dept. of Corrections, 301 F.3d 1287, 1288 (11th Cir. 2002) ("[t]he district court lacked jurisdiction to consider Fugate's claim because he had not applied to this court for permission to file a successive application.").

However, in deference to Castra's pro se status, 18 U.S.C. § 3582(c) does confer jurisdiction for a district court to modify the terms of a defendant's imprisonment and, therefore, to the extent that Castra argued that he was entitled to modification under § 3582(c), the district court's summary finding that it lacked jurisdiction requires further explanation.  See Stossel, 348 F.3d at 1322 n.2 (noting in dicta that the district court had no jurisdiction over a pro se prisoner's motion

_____

[4] It is noted that the merits of Castra's claim, i.e., that his criminal history points were incorrectly calculated, is a non-constitutional claim and, as such, can be raised on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Diaz-Clark, 292 F.3d at 1316 n.4.  Furthermore, to the extent Castra argues that, under Booker and Blakely, his sentence was improperly enhanced on facts not found by a jury, we have held that neither Booker, nor Blakely, applies retroactively on collateral review.  See Varela v. United States, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications).

6

whether considered under its actual label of § 3582(b)(3) or construed under any different statutory framework, including § 3582(c)).

Under § 3582(c), a district court may only modify a defendant's terms of imprisonment in limited circumstances: (1) upon motion of the Director of the Bureau of Prisons, which clearly is inapplicable here, or (2) upon motion of . . . the defendant if, and only if, the Sentencing Commission, pursuant to 28 U.S.C. § 994(o), lowers the sentencing range, and reducing the defendant's sentence is consistent with the sentencing factors of 18 U.S.C. § 3553 and the Sentencing Commission's policy statements. See 18 U.S.C. § 3582(c)(1)-(2).[5] Castra has not alleged that the Sentencing Commission has amended and lowered his sentencing range and, therefore, the grounds he relies upon are extraneous to § 3582(c)'s strict requirements. As such, Castra was not entitled to the discretionary relief of a sentence modification under any provision of § 3582(c), and the district court correctly found that it lacked jurisdiction to consider Castra's claim. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that the district court correctly found that it had no discretion to modify a defendant's sentence outside the amended guidelines range under § 3582(c) and that courts are without jurisdiction to consider extraneous sentencing issues outside the scope of § 3582).

_____

[5] It is noted that § 3582(c) motions are continuations of criminal proceedings and not post-conviction civil actions. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

7

For the foregoing reasons, we conclude that the district court lacked jurisdiction over Castra's motion and, therefore, affirm.

**AFFIRMED.**