[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12133
Non-Argument Calendar

_____

D. C. Docket No. 01-00088-CR-ORL-28-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2005)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

Darrell Williams, a federal prisoner proceeding pro se, appeals the denial of

his post-judgment motion for specific performance of his plea agreement with the

government and to compel the government to file a motion to reduce sentence,

pursuant to Fed. R. Crim. P. 35(b), based upon his substantial assistance. After careful review, we conclude the district court lacked jurisdiction over Williams's petition and, accordingly, affirm.[1]

The background facts are these. On June 13, 2001, Williams was charged by information with drug trafficking, money laundering, and bank fraud charges. Pursuant to a written plea agreement, Williams pled guilty and, inter alia, consented to the following terms: (1) he agreed to cooperate fully with the government; (2) if the cooperation was completed subsequent to sentencing, the government would consider whether such cooperation qualified as substantial assistance, warranting the filing of a motion for a reduction of sentence within one year of the imposition of the sentence, pursuant to Rule 35(b); and (3) the determination as to whether Williams provided substantial assistance rested solely with the government. Moreover, Williams waived the right to appeal his sentence, directly or collaterally, on any ground, with some exceptions not relevant to this appeal.

---

[1]"Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). The district court's reasoning for its decision is not clear, given the terse nature of its order. However, we may affirm the district court on any basis, so long as the court reached the right result, as we conclude the district court did here. See Watkins v. Bowden, 105 F.3d 1344, 1353 n. 17 (11th Cir. 1997) (appellate court may affirm district court on any ground, even one not considered).

2

At the subsequent plea colloquy, Williams acknowledged that he was waiving his right to challenge his sentence, either directly or collaterally. The district court found that Williams's plea was knowing and voluntary. On September 26, 2001, the court sentenced Williams to a 135-month term of imprisonment, followed by a 4-year term of supervised release. Williams did not file a direct appeal.

Instead, almost one year later, on September 23, 2002, Williams filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, raising three claims, including that his counsel was ineffective at sentencing for failing to request an evidentiary hearing on the extent of Williams's cooperation. In reply to the government's response to his motion, he also argued, in the context of an ineffective-assistance claim, that his plea was not knowing and voluntary because he was induced to plead guilty based on the government's promise to file a U.S.S.G. § 5K1.1 motion for sentence reduction.

The district court denied the § 2255 motion with prejudice, based on Williams's valid guilty plea and sentence-appeal waiver. On appeal, we held that Williams's valid sentence-appeal waiver precluded his claims of ineffective assistance of counsel at sentencing. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("Williams I"). We noted that Williams's claims asserted

only ineffective assistance of counsel at sentencing, and did not involve counsel's representation relating to the validity of the plea or the waiver. Id.

Before the mandate issued in Williams I, Williams filed the instant motion for specific performance of the plea agreement, raising two related claims: (1) his guilty plea was involuntary because it was made with the understanding that he would receive a reduction in his sentence based on his substantial assistance; and (2) because he provided substantial assistance subsequent to his sentencing, the government should be compelled to file a Rule 35(b) motion, pursuant to the plea agreement.[2]  The district court denied Williams's motion to compel.[3]  This appeal followed.

To the extent that Williams's motion challenged the validity of his plea, based on the government's unfulfilled alleged promise that he would receive a reduction for his substantial assistance, the district court correctly denied the motion as it was the functional equivalent of a successive § 2255 motion, which is

---

[2]In its order, the district court did not explain its reasoning for denying Williams's motion to compel.  Thus, for purposes of this appeal, we have liberally construed Williams's motion as raising both of these claims. Cf. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

[3]Because we conclude the district court lacked jurisdiction to consider Williams's motion because it was a successive § 2255 motion, we need not, and do not, reach the other jurisdictional arguments raised by the government.

subject to the requirements of 28 U.S.C. § 2244. Fugate v. Dep't of Corrs., 301 F.3d 1287, 1288 (11th Cir. 2002). Under 28 U.S.C. § 2244, before an applicant may file a second or successive habeas petition, he must apply for "an order authorizing the district court to consider the application" in the appropriate Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A). Because Williams previously filed a § 2255 motion, but did not seek our authorization for the instant motion, in which he raised a constitutional challenge to his conviction, this claim was not properly before the district court. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (stating that, without authorization from this Court, the district court lacks jurisdiction to consider a second § 2255 motion).[4]

Based on the foregoing, we affirm the district court's denial of Williams's § 2255 motion.

**AFFIRMED.**

---

[4]We are unpersuaded by Williams's other arguments concerning the district court's decision. To the extent he suggests the court should have conducted further review, including an evidentiary hearing, on the extent of his assistance and on the government's decision not to file a Rule 35(b) motion, we disagree. In short, Williams did not make the requisite showing that he was entitled to further review, given the terms of his plea agreement. Cf. United States v. Forney, 9 F.3d 1492, 1502-03 (11th Cir. 1993) (when plea agreement explicitly required government to consider filing a motion to recognize substantial assistance, a defendant cannot establish a breach of the agreement based on the government's refusal to file the motion; recognizing exception where defendant alleges and makes substantial showing that the government's refusal was based on a constitutionally impermissible motivation, such as race or religion (citing Wade v. United States, 504 U.S. 181, 112 S. Ct. 1840, 1842-43, 118 L. Ed. 2d 524 (1992)).