[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14532
Non-Argument Calendar

_____

D. C. Docket No. 06-00597-CV-J-25-MMH

ANTHONY L. SMITH,

Plaintiff-Appellant,

versus

JOHN SOUTHWOOD, Honorable, Circuit Judge,
KENNETH BOSTON, Asst. State Attorney,
JOHN DELANEY, Asst. State Attorney,
BRADFORD L. THOMAS, District Court Judge,
EDWIN B. BROWNING, District Court Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 27, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Florida prisoner Anthony Lamar Smith, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. In his complaint, Smith alleged ineffective assistance of counsel, due process violations, and equal protection violations. The district court concluded Smith needed to file a habeas corpus petition because he sought a new criminal trial based on the alleged constitutional violations, and dismissed his claim without prejudice because it had advised Smith that, pursuant to the Antiterrorism and Effective Death Penalty Act, 110 Stat. 1214, § 106(b)(3)(a), he needed authorization to file a second or successive habeas corpus petition.

Claims challenging the fact of conviction "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983. *Nelson v. Campbell*, 124 S. Ct. 2117, 2122 (2004). Thus, a civil rights action under § 1983 is not appropriate when a state prisoner challenges the fact of his incarceration. *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841 (1973).

When a court concludes a prisoner is in fact challenging his conviction, it should treat the case as if it was raised as a habeas corpus petition, and apply the corresponding procedural and exhaustion requirements of the AEDPA. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.), *cert.denied*, 127 S. Ct. 467

(2006). As such, the requirement that an applicant obtain an order authorizing the filing of a second or successive habeas application applies. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, we held a district court did not err in dismissing a § 1983 complaint, construed as an attempt to file a second habeas corpus petition, because the applicant had not obtained our permission to file the petition. *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002).

Smith was challenging the fact of his conviction as illustrated by his express request for a new criminal trial. *See Preiser*, 93 S. Ct. at 1841. Thus, the exclusive remedy for his claim was to file a habeas corpus petition, pursuant to 28 U.S.C. § 2254. *See Nelson*, 124 S. Ct. at 2122. Smith's complaint was an unauthorized second or successive habeas corpus petition, and the district court did not err in dismissing his complaint. *See Fugate*, 301 F.3d at 1288.

**AFFIRMED.**