[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15174
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-02526-CV-JTC-1

GERARD J. PUGH,

                                                    Plaintiff-Appellant,

versus

HUGH SMITH, Warden,
JAMES DONALD, Commissioner,
L. GALE BUCKNER, Chairperson,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2009)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

    Gerard J. Pugh, a Georgia state prisoner proceeding pro se and in forma

pauperis ("IFP"), appeals the district court's sua sponte dismissal, under 28 U.S.C.

§ 1915A(b)(1), of his § 1983 action for failure to state a claim and, in construing his complaint as writ for habeas corpus, for impermissibly filing a successive habeas petition. On appeal, Pugh re-asserts arguments made in his complaint, namely that he was wrongly convicted and, as a result, the Georgia parole board should commute his sentence and immediately release him. After thorough review, we affirm.[1]

We review <u>de novo</u> a district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A(b)(1), taking the allegations in the complaint as true. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006). Pursuant to § 1915A, a district court must dismiss a prisoner's complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A <u>pro se</u> complaint is held to a "less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

The standards that apply to dismissal under Fed. R. Civ. P. 12(b)(6) apply to dismissal under § 1915A(b)(1). <u>See, e.g.</u>, <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997) (addressing 28 U.S.C. § 1915(e)(2)(B)). That is, although the complaint need not provide detailed factual allegations, there "must be enough to

---

[1] In addition, Pugh's motion to waive filing fees is DENIED.

raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007); see also Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (holding that a complaint is sufficient if it identifies facts that are suggestive enough to render the necessary elements plausible).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). A habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 638 (11th Cir. 1990) (holding that the district court mischaracterized a state prisoner's § 1983 claim as a petition for writ of habeas corpus because the prisoner did not attack his conviction, challenge the fact or length of his confinement or seek immediate release from prison).

Furthermore, a state prisoner's § 1983 claim is barred "no matter the relief sought" and "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)" if success in that action would

3

necessarily demonstrate the invalidity of his conviction or length of confinement. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ habeas corpus." Heck, 512 U.S. at 487. A plaintiff seeking relief based on the premise that he "was the victim of an unconstitutional conspiracy to falsely convict him" is merely attempting to overturn his conviction and is barred by Heck from proceeding. Abella v. Rubino, 63 F.3d 1063, 1064, 1065-66 (11th Cir. 1995) (involving action under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which is analogous to § 1983 for Heck purposes).

If the district court treats a prisoner's § 1983 claim as a writ for habeas corpus relief because he challenges the fact or duration of his confinement and seeks an immediate release, it is without jurisdiction to consider it if the prisoner has previously filed a habeas petition that was dismissed with prejudice and has not applied to this Court for permission to file a successive application. See 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002).

4

In this case, Pugh directly challenged his conviction and requested an immediate release and, consequently, his complaint is <u>Heck</u>-barred. <u>Wilkinson</u>, 544 U.S. at 81-82. As a result, the district court correctly dismissed his complaint and construed it as a writ for habeas corpus relief. <u>Clark</u>, 915 F.2d at 639. Moreover, the district court properly dismissed Pugh's habeas petition because he previously filed a § 2254 petition that was dismissed with prejudice, and he did not obtain our permission to file a successive petition. <u>Fugate</u>, 301 F.3d at 1288. Accordingly, we affirm.

**AFFIRMED.**