# Third District Court of Appeal

**State of Florida**

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1028 & 3D14-2438
Lower Tribunal Nos. 81-25758-D, 81-28089, & 81-27294-A

_____

**Alfonso Ponton,**
Petitioner,

vs.

**The State of Florida,**
Repondent.

On Petition for Writ of Habeas Corpus and a Case of Original Jurisdiction--Mandamus, to the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Alfonso J. Ponton, in proper person.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for respondent.

Before SUAREZ, SALTER and SCALES, JJ.

PER CURIAM.

In appellate case number 3D14-1028, Alfonso Ponton, acting pro se, petitions this court for a writ of mandamus with respect to the circuit court's order directing the Eleventh Judicial Circuit of Florida not to accept any further pro se pleadings from Ponton in lower tribunal cases F81-27294, F81-28089, and F81-25758.[1]

In appellate case number 3D14-2438, Ponton, acting pro se, petitions this court for a writ of habeas corpus arguing his appellate counsel rendered him ineffective assistance in handling the appeal of his judgment and conviction in lower tribunal cases F81-27294, F81-28089, and F81-25758.

We consolidate Ponton's petitions under appellate case number 3D14-1028, and dismiss both petitions.

On October 16, 2002, this court prohibited Ponton "from filing any additional pro se appeals, including pleadings, motions, and petitions relating to any issue in Lower Tribunal cases F81-27294, F81-28089, and F81-25758." See Ponton v. State, 837 So. 2d 435, 435 (Fla. 3d DCA 2002). As of October 16, 2002, Ponton had filed at least thirty-eight post-conviction motions and petitions in state court alone; all of which were unsuccessful.

---

[1] Ponton filed his petition in appellate case number 3D14-1028 directly with the Florida Supreme Court. The Florida Supreme Court transferred the case to this court pursuant to Harvard v. Singletary, 733 So. 2d 1020 (Fla. 1999).

2

In contravention of our prohibition in 2002, Ponton continued to file unsuccessful pro se appeals and petitions relating to the above-mentioned lower tribunal cases. See Ponton v. State, 117 So. 3d 1100 (Fla. 3d DCA 2013) (denying petition for writ of mandamus); Ponton v. State, 982 So. 2d 698 (Fla. 3d DCA 2008) (affirming post-conviction appeal); Ponton v. State, 972 So. 2d 193 (Fla. 3d DCA 2007) (affirming post-conviction appeal).

Additionally, on December 12, 2013, Ponton filed the instant pro se petition for writ of mandamus. And, on October 9, 2014, Ponton filed the instant pro se petition for writ of habeas corpus. There comes a point when "enough is enough." Philpot v. State, 39 Fla. L. Weekly D1859, D1860 (Fla. 3d DCA Sept. 3, 2014) (quoting Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995).

As such, the clerk is directed not to accept further pro se appeals, including pleadings, motions, and petitions from Ponton relating to lower tribunal numbers F81-27294, F81-28089, and F81-25758. Because Ponton has abused the post-conviction process and filed frivolous appeals and petitions in this court, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures, which may include forfeiture of gain-time. § 944.28(2)(a), Fla. Stat. (2014).

Petition for writ of mandamus dismissed.

Petition for writ of habeas corpus dismissed.

Sanctions entered.