[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10683

_____

D.C. Docket No. 1:16-cv-20059-KMW

ALFONSO PONTON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 4, 2018)

Before ED CARNES, Chief Judge, MARCUS, Circuit Judge, and ROSS,[*] District
Judge.

ED CARNES, Chief Judge:

_____

[*] Honorable Eleanor Louise Ross, United States District Judge for the Northern District
of Georgia, sitting by designation.

This case involves the effect of a <u>Castro</u> error in an earlier federal habeas proceeding on whether a later habeas petition is to be treated as second or successive for purposes of 28 U.S.C. § 2244(b).  <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003).

## I.    FACTS AND PROCEDURAL HISTORY

Alfonso Ponton was charged in 1982 in Florida state court in three separate criminal cases on a total of 12 counts of robbery, 3 counts of armed robbery, 1 count of aggravated assault with a firearm, and 3 counts of aggravated battery. Juries found him guilty on nearly all of those counts, and he was sentenced to 65 years imprisonment in the first case, 730 years in the second, and 402 years in the third.  The state appellate court affirmed his convictions and, with one minor exception not relevant here, affirmed his sentences in all three cases.  <u>See</u> <u>Ponton v. State</u>, 436 So. 2d 117 (Table) (Fla. 3d DCA 1983); <u>Ponton v. State</u>, 436 So. 2d 364 (Fla. 3d DCA 1983); <u>Ponton v. State</u>, 434 So. 2d 347 (Fla. 3d DCA 1983).

After those convictions became final, Ponton launched a barrage of <u>pro</u> <u>se</u> post-conviction pleadings in state and federal court.  He has filed at least 40 post-conviction motions and petitions in state court alone.  <u>See</u> <u>Ponton v. State</u>, 155 So. 3d 425, 425 (Fla. 2014).  Beginning in 1984, he filed his first of over a dozen <u>pro</u> <u>se</u> pleadings in federal district court.  His first four federal pleadings — a mixed

2

habeas corpus petition and civil rights action filed in 1984, a civil rights action filed that same year, a 28 U.S.C. § 2254 petition filed in 1986, and another civil rights action filed in 1986 — were all dismissed without prejudice.

Ponton's fifth federal pleading, which he filed in 1988, is the one that matters in this case. He alleged that the judge and other individuals involved in his trials conspired against him so that he could not assist in his own defense and that his attorneys provided ineffective assistance of counsel. The district court dismissed his complaint as a mixed § 2254 petition containing exhausted and unexhausted habeas claims.[1] Ponton appealed, and we reversed because it appeared that he may have exhausted all of his claims. Ponton v. Morphonios, No. 88-5534 (11th Cir. Mar. 24, 1989) (unpublished).

On remand the State conceded that he had exhausted his ineffective assistance claim. Ponton withdrew his other claims, asked the district court to proceed on his ineffective assistance claim, and filed an amended complaint. The docket sheet indicated his amended complaint had been classified as a petition for a writ of habeas corpus. Nothing in the record indicates that the court notified him of that recharacterization or warned him that it could limit future federal habeas filings. The court dismissed his petition on the merits, Ponton appealed, and we

---

[1] The Supreme Court has held that district courts "must dismiss [ ] 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982).

affirmed.  Ponton v. Morphonios, No. 90-5592 (11th Cir. June 28, 1991) (unpublished).

After that 1988 filing, Ponton filed three § 2254 petitions in 1992.  Those petitions were dismissed as successive because his 1988 petition had been denied on the merits.  After a twelve-year hiatus, he filed three more § 2254 petitions in 2004, 2009, and 2013.  They were dismissed as unauthorized second or successive petitions because he did not receive permission from this Court to file them.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 2016) ("[W]hen a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.").

Undeterred, Ponton filed yet another § 2254 petition in 2016.  Before the State filed its response, the district court — once again — dismissed that petition as an unauthorized second or successive petition because Ponton failed to obtain permission from this Court to file it.  This is his appeal.[2]

---

[2] Ponton proceeded pro se in the district court, but we appointed counsel to represent him in this appeal.

4

## II.    STANDARD OF REVIEW

"We review <u>de novo</u> whether a petition for a writ of habeas corpus is second or successive."  <u>Patterson v. Sec'y, Fla. Dep't of Corr.</u>, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## III.    DISCUSSION

Ponton contends that the district court erred in dismissing his 2016 petition as an unauthorized second or successive petition because, in light of the Supreme Court's <u>Castro</u> decision, his 1988 petition does not count as a first petition.

In <u>Castro</u> the Supreme Court addressed the "longstanding practice" in which courts "sometimes treat[ ] as a request for habeas relief under 28 U.S.C. § 2255 a [pleading] that a <u>pro</u> <u>se</u> federal prisoner has labeled differently."  540 U.S. at 377, 124 S. Ct. at 789.  Although courts often recharacterize <u>pro</u> <u>se</u> pleadings to help prisoners (for example, to avoid dismissal), <u>id.</u> at 381, 124 S. Ct. at 791, recharacterization "can have serious consequences for the prisoner" by subjecting him to "the restrictive conditions that federal law imposes upon a 'second or successive' . . . federal habeas motion," <u>id.</u> at 377, 124 S. Ct. at 789.

To ensure that litigants are aware of those consequences, <u>Castro</u> held that when district courts recharacterize a <u>pro</u> <u>se</u> litigant's pleading as a first § 2255 motion, the court must (1) notify the litigant "that it intends to recharacterize the pleading," (2) "warn the litigant that this recharacterization means that any

subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and (3) give the litigant "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Id. at 383, 124 S. Ct. at 792.  If the district court does not give the notification and warning, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."  Id.

There is no reason to believe that the district court notified Ponton when it recharacterized his 1988 pleading as a § 2254 petition and warned him that he could face restrictions on any future federal habeas petitions.[3]  According to Ponton, that failure means that his 1988 petition does not count as a first petition under Castro, which means that he should be allowed to file his 2016 petition.[4]

---

[3] Although the Castro decision involved only pleadings recharacterized as § 2255 motions, its premise is that recharacterization can harm litigants because any later § 2255 motion is subject to restrictive conditions on second or successive motions.  540 U.S. at 377, 124 S. Ct. at 789.  That same principle applies where a litigant's pleading is recharacterized as a § 2254 petition.  See 28 U.S.C. § 2244(b) (restrictions on second or successive petitions).  As a result, the Castro notice-and-warning requirement applies to pleadings recharacterized as § 2254 petitions.  See Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (concluding that the Castro notice-and-warning requirement applies to "petitions recharacterized as § 2254 petitions"); see also Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924–25 (10th Cir. 2008) (same); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 277–78, 282 (2d Cir. 2003) (same).

[4] The State also argues that Ponton waived his Castro argument by failing to raise it in the district court, but that argument fails.  Because Ponton proceeded pro se in the district court, we liberally construe his filings in that court.  See Figuereo–Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012).  Ponton argued in the district court that he should have received a warning before his pleading was recharacterized, which is enough to preserve the argument for appeal.

The State argues that the Castro notice-and-warning requirement does not apply to pleadings that were filed before that decision was issued in 2003, and as a result Ponton's 1988 petition still counts as a first petition for second or successive purposes.

The State is wrong. The Castro notice-and-warning requirement applies to pre-Castro petitions because that is what the Supreme Court did in Castro itself, and Ponton's situation is no different than Castro's. See Griffith v. Kentucky, 479 U.S. 314, 323, 107 S. Ct. 708, 713 (1987) (noting the principle that "similarly situated defendants" must be treated the same). Castro's first pleading (filed in 1994) was recharacterized without notice as a § 2255 motion and denied on the merits, his second § 2255 motion was dismissed as an unauthorized second or successive motion, and the Supreme Court held that the first pleading could not count as a first § 2255 motion for second or successive purposes. Castro, 540 U.S. at 377–79, 383–84, 124 S. Ct. at 789–90, 793.

That is the same situation Ponton is in: His 1988 pre-Castro pleading was recharacterized without warning and denied on the merits, his current 2016 petition was dismissed as an unauthorized second or successive petition based on that 1988 denial, and he argues that his 1988 pleading does not count as a first petition.[5] Just

---

[5] The dismissal as second or successive of the six § 2254 petitions Ponton filed between 1988 and 2016 does not change the analysis because those petitions could not render his 2016 petition second or successive. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014)

7

as the Supreme Court applied the notice-and-warning requirement to Castro's 1994

pleading, we must apply the notice-and-warning requirement to Ponton's 1988

pleading.  See Griffith, 479 U.S. at 323, 107 S. Ct. at 713; see also Powell v.

Nevada, 511 U.S. 79, 84, 114 S. Ct. 1280, 1283 (1994) ("[S]elective application of

new rules violates the principle of treating similarly situated defendants the

same.") (quotation marks omitted).[6]  As a result, we hold that a pre-Castro

pleading that is recharacterized as a § 2254 petition without the required notice or

warning does not count as a first petition for second or successive purposes.[7]  See

United States v. Blackstock, 513 F.3d 128, 133, 135 (4th Cir. 2008) (holding that a

("[A] motion that is dismissed as second or successive cannot render a later motion second or successive.").

[6] The Supreme Court also formulated the Castro notice-and-warning requirement under its "supervisory powers over the Federal Judiciary" and stated that its "supervisory power determinations normally apply, like other judicial decisions, retroactively . . . ."  540 U.S. at 382–83, 124 S. Ct. at 792 (quotation marks omitted).  Although it limited that statement to Castro, id. at 383, 124 S. Ct. at 792, we have recognized that the "Supreme Court has the power to supervise lower federal courts through special statements that go beyond the holding of a case," Santamorena v. Ga. Military Coll., 147 F.3d 1337, 1343 n.14 (11th Cir. 1998).

[7] The State asserts that Ponton's pre-1988 petitions mean that his 1988 petition counts as a successive filing for which a Castro warning is not required.  See United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) ("Castro's warn-and-allow-withdrawal approach does not apply [to successive petitions].").  That argument fails because those pre-1988 petitions were dismissed without prejudice, so his 1988 petition was not a successive filing.  See Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) ("When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of § 2244(b).").  And the State's assertion that the recharacterization of the 1988 pleading was essentially harmless — because Ponton's pre-1988 pleadings had been recharacterized so he must have known the consequences of recharacterization — fails because there is no harmless error exception to Castro.  See Figuereo–Sanchez, 678 F.3d at 1206 (stating that we have "interpreted the rule in Castro to be categorical and mandatory") (quotation marks omitted); see also Castro, 540 U.S. at 384, 124 S. Ct. at 793 (noting how the "lack of warning prevents [the litigant from] making an informed judgment" about the consequences of recharacterization) (quotation marks omitted).

8

pre-Castro motion did not count as a first § 2255 motion because the litigant did not receive the required notice and warning).

## IV.    CONCLUSION

Because Ponton's 1988 petition was recharacterized without the required notice and warning, the district court erred in dismissing his 2016 petition as an unauthorized second or successive petition.[8]

**VACATED AND REMANDED.**

---

[8] Ponton was convicted before the Antiterrorism and Effective Death Penalty Act went into effect, so he had until April 23, 1997, to file his § 2254 petition.  See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).  The district court never addressed the timeliness of Ponton's 2016 petition, which was dismissed before the State could file a response, and we express no opinion on that issue.  See Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) ("When reviewing the district court's denial of a habeas petition . . . [i]f there is an issue that the . . . court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration.") (citations omitted).