[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14750
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-61452-RNS

CHADRICK VASHON PRAY,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Chadrick Vashon Pray appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction.

Pray was convicted in Florida state court in 2000 of attempted felony murder and attempted robbery with a firearm; he was sentenced to life in prison. Pray filed the petition whose dismissal he appeals in June 2018. This petition claims that his trial counsel was ineffective for failing to challenge the jury instructions for the offense of attempted first-degree felony murder, and that his sentence for attempted robbery violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the verdict form does not reflect that the jury found that he discharged a firearm causing great bodily harm.

Pray previously filed two § 2254 petitions in November 2016, which were denied both as time-barred and on the merits. Pray filed a third § 2254 petition in August 2017. This petition was dismissed for lack of jurisdiction because it was successive and Pray had not received this Court's authorization to file it.

The district court dismissed Pray's current § 2254 petition for lack of jurisdiction because Pray did not seek this Court's authorization to file it.

Pray argues that the district court's refusal to hear his ineffective assistance of counsel claim resulted in a fundamental miscarriage of justice and a violation of his due process rights. The state of Florida responds that Pray's petition requires

2

authorization from this Court, which Pray did not seek, before it can be reviewed by the district court.

We review de novo whether a petition for a writ of habeas corpus is second or successive.  Ponton v. Sec'y, Fla. Dep't of Corr., 891 F.3d 950, 952 (11th Cir. 2018).

A second or successive § 2254 petition requires our authorization.  28 U.S.C. § 2244(b)(3)(A).  A district court lacks jurisdiction to consider an unauthorized second or successive petition.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).  Petitions dismissed as time-barred by the Antiterrorism and Effective Death Penalty Act's one-year limitations period are considered to have been dismissed with prejudice, and subsequent petitions qualify as second or successive.  See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (treating a § 2254 petition filed after a district court denied a prior petition for being untimely as a "second or successive" petition).

Here, the district court did not err in dismissing Pray's petition as successive where this was his fourth § 2254 petition, his first petition was dismissed with prejudice as time-barred, and he did not seek or receive our authorization to file a successive petition.  See Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (per curiam) ("The district court lacked jurisdiction to consider [the petitioner's] claims because he had not applied to [the Court of Appeals] for

permission to file a successive application.").  We therefore affirm the district court's dismissal for lack of jurisdiction.

**AFFIRMED.**[1]

---

[1] Appellee's petition for initial hearing en banc is DENIED.