[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11296
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00316-WS-EMT


RANDALL LAMONT ROLLE,

Petitioner-Appellant,

versus

STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 18, 2020)

Before BRANCH, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Randall Lamont Rolle, a Florida prisoner proceeding *pro se*, appeals from the district court's dismissal, in part, of his 28 U.S.C. § 2254 petition as successive.[1]  On appeal, Rolle does not expressly address the district court's finding that his petition was successive but, instead argues that the district court erred in denying his petition on the merits.

When appropriate, we will review *de novo* whether a § 2254 petition for a writ of habeas corpus is second or successive.  *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018).  While *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers,  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), where an appellant fails to present any arguments on an issue in his initial brief he waives it.  *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).

Because a second or successive § 2254 petition requires prior authorization from this Court pursuant to 28 U.S.C. § 2244(b)(3)(A), the district court lacks jurisdiction to consider an unauthorized second or successive petition.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

---

[1] The district court also denied in part Rolle's petition on the merits.  Because we declined to issue a certificate of appealability on that issue, that ruling is not part of this appeal.

Here, as an initial matter, Rolle has waived any claim that his petition was not second or successive by failing to expressly develop any argument on this issue. *See Herring*, 397 F.3d at 1342. Moreover, even if implicitly preserved, we find that the district court did not err in dismissing, in part, Rolle's petition as an unauthorized successive petition. This petition was Rolle's third § 2254 petition filed before the district court. Additionally, the record contains no prior authorization from this Court permitting Rolle to file this petition. Because Rolle previously sought—and was denied—leave from this Court to file eight earlier successive petitions, the district court properly dismissed his current petition, in part, for lack of jurisdiction, and we affirm.

**AFFIRMED.**