[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13206

Non-Argument Calendar

_____

WALTER DRUMMOND,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61823-BB

_____

Before Newsom, Grant, and Brasher, Circuit Judges.

PER CURIAM:

Walter Drummond, proceeding *pro se*, appeals the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2554 for lack of jurisdiction because it was successive. On appeal, Drummond argues that the district court erred in dismissing his petition because he is actually innocent and counsel in his underlying criminal case was ineffective. We need not reach these issues because Drummond's current petition is successive to a previous petition, which was denied as untimely, and Drummond did not seek leave from this court under 28 U.S.C. § 2244(b)(3) to file a successive petition.

We review *de novo* whether a habeas corpus petition is successive. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). A successive Section 2254 petition requires authorization from this Court. 28 U.S.C. § 2244(b)(3)(A). Accordingly, a district court lacks jurisdiction to consider an unauthorized successive petition. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

When a petitioner seeks to challenge the same judgment that was challenged in a previous § 2254 petition, the petition will be deemed successive. *See Magwood v. Patterson*, 561 U.S. 320, 323–24 (2010). Petitions denied as time-barred are considered to have been dismissed with prejudice, and subsequent petitions

therefore qualify as successive. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

However, we have recognized that "successive" is not "self-defining," and does not necessarily "refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). Petitions are not successive when they present new claims that could not have been raised previously. *Id.* at 859–61 (explaining that claims based on a newly discoverable factual predicate are successive, but "[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive").

Drummond's petition does not fall within the small subset of unavailable claims described in *Stewart* because it did not raise a claim that could not have been raised previously. *Stewart*, 646 F.3d at 863. Drummond's instant petition challenges the same conviction as his previous petition. As nothing prevented Drummond from raising a claim of actual innocence or ineffective assistance of counsel in his original petition, the instant petition is successive.

Thus, the district court did not err in dismissing Drummond's petition as successive because he had previously filed a § 2554 petition; his first petition challenged the same judgment; and he did not seek this Court's permission to file a successive petition. Accordingly, we affirm.

**AFFIRMED.**