[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12135

Non-Argument Calendar

_____

ALEXANDER SHEVGERT,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00245-JDW-AAS-1

_____

Before NEWSOM, ANDERSON, and ED CARNES, Circuit Judges.

PER CURIAM:

Alexander Shevgert appeals the district court's dismissal of his construed 28 U.S.C. § 2255 motion as successive.

In 2013, while already serving a 300-month sentence for conspiring to commit murder, Shevgert pleaded guilty to using a facility of interstate commerce with intent to commit murder-for-hire and soliciting the commission of a crime of violence. In December 2015 Shevgert filed a Fed. R. Civ. P. 60(b) motion for relief from the 2013 judgment, which the district court recharacterized as a § 2255 motion and denied as untimely and without merit. In May 2021 Shevgert filed a "Request to Set Aside/Vacate Conviction/Sentence for Lesser Included Offense." The district court also construed that request as one for relief under § 2255 and dismissed it as an unauthorized second or successive motion.

Shevgert contends that the district court erred by dismissing his May 2021 § 2255 motion as second or successive because, as we have already determined in *In re Shevgert*, No. 21-12185 (11th Cir. July 14, 2021), the court recharacterized his Rule 60(b) motion as a § 2255 motion without fully complying with the notice-and-warning requirement set forth in *Castro v. United States*, 540 U.S. 375

21-12135                Opinion of the Court                3

(2003).  For that reason, Shevgert argues, his May 2021 motion was not successful.[1]  We agree.

A federal prisoner may collaterally attack his sentence through a § 2255 petition.  *See* 28 U.S.C. § 2255(a).  But federal law "dramatically limits successive attempts at habeas relief."  *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).  To file a second or successive § 2255 motion a prisoner must receive authorization from the appropriate court of appeals.  28 U.S.C. § 2255(h).  Without that authorization the district court lacks jurisdiction to consider a second or successive § 2255 motion.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  We review *de novo* a district court's dismissal of a § 2255 motion as second or successive.  *See Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).

"Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework."  *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).  But because of the prohibition on second or successive § 2255 motions, a district court's authority to recharacterize a *pro se* litigant's filing as a § 2255 motion is limited.  *See Castro*, 540 U.S. at 382–83.  In *Castro* the Supreme Court held

---

[1] A movant typically is required to obtain a certificate of appealability (COA) before appealing in a § 2255 proceeding.  *See* 28 U.S.C. § 2253(c)(1)(B); *Pagan v. United States*, 353 F.3d 1343, 1344–45 (11th Cir. 2003).  However, a COA is not required if the district court dismissed the § 2255 motion for lack of subject matter jurisdiction, as it did here.  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

that when a district court recharacterizes a *pro se* litigant's pleading as a first § 2255 motion, the court must (1) notify the litigant "that it intends to recharacterize the pleading," (2) "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and (3) give the litigant "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383. If the district court does not give the notice and warnings, the motion cannot be counted as a first § 2255 motion for second or successive purposes. *See id.*

Because the district court recharacterized Shevgert's Rule 60(b) motion as a § 2255 motion and denied it on the merits, the court found that Shevgert's May 2021 motion was a successive § 2255 motion and dismissed it as unauthorized. In June 2021 Shevgert applied to us for authorization to file a second or successive § 2255 motion. We denied the application as unnecessary, explaining that when the district court recharacterized Shevgert's Rule 60(b) motion as a § 2255 motion it failed to comply fully with *Castro. See In re Shevgert*, No. 21-12185. It did not give Shevgert an opportunity to amend his motion, and he did not agree to have the motion recharacterized. *Id.* As a result, the recharacterized motion could not be treated as a § 2255 motion for purposes of rendering a later motion second or successive, meaning that Shevgert did not need our permission to proceed with his proposed § 2255 motion. *Id.*

21-12135                Opinion of the Court                5

In light of our earlier ruling about the district court's *Castro* error, and as the government concedes, Shevgert's construed § 2255 motion in this case was not successive. Accordingly, the district court erred in dismissing it for lack of jurisdiction. *See Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 954 (11th Cir. 2018) (holding that because the petitioner's motion was recharacterized as a § 2254 petition without the notice and warnings required by *Castro*, the district court erred in dismissing his later petition as an unauthorized second or successive petition).[2]

**VACATED AND REMANDED.**

---

[2] In March 2021 Shevgert filed a "Request for Facts Underlying Elements of Crimes of Conviction," which the district court also recharacterized (apparently without complying with *Castro*) as an unauthorized second or successive § 2255 motion and dismissed. Even if the March 2021 motion were properly construed as a § 2255 motion, it would not make Shevgert's May 2021 motion successive because "second or successive status only attaches to a judgment on the merits." *Boyd*, 754 F.3d at 1302 (explaining that a § 2255 motion that is dismissed as second or successive has not been resolved on the merits and can't render a later motion second or successive). The district court added that the March 2021 motion was also due to be denied on the merits, but the conclusion of the order stated that the motion was "dismissed," which indicates that the ruling was ultimately a jurisdictional one. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").