[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13852

Non-Argument Calendar

_____

SILAS MARTIN,

Petitioner-Appellant,

*versus*

WARDEN, KILBY CORRECTIONAL FACILITY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:24-cv-00148-RAH-CSC

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Silas Martin, an Alabama prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2554 petition for lack of jurisdiction. The district court determined that his petition was an unauthorized successive petition. On appeal, Martin reiterates the merits of the claims that he raised in his petition, contending that law enforcement lacked probable cause for his arrest.

We review de novo whether a habeas corpus petition is successive. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). Although we liberally construe a *pro se* brief, a *pro se* party may still abandon an issue by not briefing it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

With certain exceptions not relevant here, a petitioner may file a second or successive § 2254 habeas petition only after obtaining an order from this Court authorizing the district court to consider the petition. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020); *see* 28 U.S.C. § 2244(b)(3)(A). "Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition." *Osbourne*, 968 F.3d at 1264. "[T]he bar on second or successive petitions ordinarily prevents a prisoner from twice contesting the judgment authorizing his confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (*en banc*).

Here, Martin has failed to address the district court's stated reason for dismissing his § 2254 petition, so he has abandoned the appeal. *See Timson*, 518 F.3d at 874. Even liberally construing his brief on appeal, he challenges only the underlying state judgment authorizing his confinement, asserting that there was no probable cause for arrest. Because Martin has failed to challenge the ground on which the district court based its judgment—that he filed an unauthorized successive § 2254 petition—"it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

In any case, the district court's judgment is also due to be affirmed because it is clearly correct. As the court observed, the instant § 2254 petition was Martin's "fifth attempt to challenge, via habeas corpus, his 2007 Lee County conviction for attempted sodomy and a 25-year sentence." His first such § 2254 petition, filed in September 2009, was denied on the merits. His remaining challenges have been dismissed as unauthorized successive § 2254 petitions. Because Martin is again attempting to contest the same "judgment authorizing his confinement," his current § 2254 petition plainly qualifies as successive. *See Patterson*, 849 F.3d at 1325. And since we have not granted authorization, and no other exception applies, the district court lacked jurisdiction to consider it. *See Osbourne*, 968 F.3d at 1264.

We therefore affirm the district court's dismissal of Martin's § 2254 petition for lack of subject-matter jurisdiction.

**AFFIRMED.**