[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10731
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00407-JPB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAWN WALTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 29, 2020)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Christopher Walton appeals the District Court's denial of his motion

requesting that the Court either (a) terminate his supervised release, or (b) dismiss

the Government's petition to revoke his supervised release because such

revocation is unconstitutional.  The District Court found that it lacked jurisdiction to consider Walton's motion to the extent that it asked the Court to terminate Walton's original sentence of five years of supervised release.  It also rejected, based on our decision in *United States v. Cunningham*, 607 F.3d 1264 (11th Cir. 2010), Walton's argument that revocation of supervised release under 18 U.S.C. § 3583(e)(3) violates the Fifth and Sixth Amendments to the U.S. Constitution.

On the issue of revocation, Walton admitted that he violated the conditions of his supervised release by, *inter alia*, using an illicit substance, as indicated by four positive drug tests, and failing to report as instructed for drug testing or otherwise refusing to submit to drug testing on fourteen occasions.  Based on these violations, the District Court revoked Walton's term of supervised release under § 3583(g) and sentenced him to three months in prison.[1]  Walton timely appealed.

Walton raises two arguments on appeal.  First, he argues that the District Court erred in finding that it lacked jurisdiction to consider his motion to terminate his supervised release.  Second, he asserts that § 3583(e)(3) and (g) violate the Fifth and Sixth Amendments to the U.S. Constitution.  We reject both arguments, and therefore affirm.

---

[1] The Court noted that its sentence would have been the same under § 3583(e).

I.

We review whether a district court had jurisdiction as a question of law subject to plenary review. *United States v. Stossel*, 348 F.3d 1320, 1321 (11th Cir. 2003). The District Court found that it lacked jurisdiction to consider Walton's motion to terminate his supervised release because it amounted to an improper collateral attack on his sentence. A sentence, including any term of supervised release, is presumed valid until vacated in a 28 U.S.C. § 2255 proceeding. *United States v. Almand,* 992 F.2d 316, 317 (11th Cir. 1993). As such, "a defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense." *United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (citing *Almand,* 992 F.2d at 317–18). A defendant may, however, file a motion under 18 U.S.C. § 3583(e)(1) for early termination of his supervised release and, after the defendant has served one year of that term, a court may grant early termination after weighing certain § 3553(a) factors and finding that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017).

As the District Court noted, Walton did not seek early termination under § 3583(e)(1). Thus, to the extent that Walton asked the District Court to terminate his term of supervised release imposed as part of the original sentence for his

3

underlying offense, his request amounts to a collateral attack on the validity of that sentence. Accordingly, the District Court properly determined that it lacked jurisdiction to terminate his supervised release in this revocation proceeding.

## II.

We review the constitutionality of 18 U.S.C. § 3583(e)(3) *de novo*. *See Cunningham*, 607 F.3d at 1266. Under § 3583(e)(3), the district court may, after considering the factors in § 3553(a), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The district court has discretion in deciding how long to imprison the defendant, provided it does not exceed certain statutory maxima listed in § 3583(e)(3).

In *United States v. Cunningham*, we held that § 3583(e)(3) does not violate the Fifth Amendment right to due process or the Sixth Amendment right to a jury trial. 607 F.3d at 1268. "[T]he violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing." *Id.* Under our prior precedent rule, we are bound by this prior decision unless and until it is overruled by the Supreme Court or this Court sitting en banc. *United States v. Brown*, 342 F.3d 1245, 1246 (11th

4

Cir. 2003). Therefore, our precedent in *Cunningham* forecloses Walton's argument that § 3583(e)(3) violates the Fifth and Sixth Amendments.

To avoid application of the prior panel precedent rule, Walton argues that the Supreme Court's recent decision in *United States v. Haymond*, 129 S. Ct. 2369 (2019), casts doubt on the constitutionality of § 3583(e), and thus our holding in *Cunningham*. In *Haymond*, the Supreme Court held that § 3583(k) violates the Fifth and Sixth Amendments because it imposes a new mandatory minimum sentence upon revocation of supervised release based on additional judge-found facts. 139 S. Ct. at 2374, 2378, 2384–85; *id.* at 2386 (Breyer, J., concurring in the judgment). But it clarified that its holding was "limited to § 3583(k)," *id.* at 2383 (plurality opinion), and it explicitly did not address the constitutionality of § 3583(e) or (g), *id.* at 2382 n.7. *Haymond* therefore does not overrule or abrogate our precedent in *Cunningham* regarding the constitutionality of § 3583(e).

Moreover, the District Court found that § 3583(e)(3) did not control its decision because § 3583(g) separately mandated revocation of Walton's term of supervised release. Under § 3583(g), revocation is mandatory if the defendant possessed a controlled substance or a firearm in violation of the conditions of his supervised release, refused to comply with drug testing imposed as a condition of supervised release, or, as part of that drug testing, tested positive for a controlled substance more than three times in one year. *Id.* § 3583(g).

Walton did not challenge the constitutionality of § 3583(g) below.[2] We therefore review only for plain error this new constitutional challenge raised for the first time on appeal. *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Under plain error review, the defendant must show there is "(1) an error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1271 (quotations omitted). Even then, we will exercise our discretion to correct the error "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted). Where the explicit language of a statute does not specifically resolve an issue, and there is no precedent from the Supreme Court or this Court directly resolving it, there can be no plain error. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

Here, Walton has not identified any binding precedent—nor have we found any—indicating that § 3583(g) is unconstitutional. And, as explained above, the Supreme Court in *Haymond* expressed no view on the constitutionality of § 3583(g). *See* 139 S. Ct. at 2382 n.7. As such, Walton cannot establish plain error.[3]

\* \* \*

---

[2] Although he cited § 3583(g) in his motion, his argument focused only on the constitutionality of § 3583(e)(3).

[3] *See United States v. Badgett*, 957 F.3d 536, 540–41 (5th Cir. 2020) (holding that the district court could not have plainly erred in applying § 3583(g) because there currently is no caselaw from either the Supreme Court or the Fifth Circuit extending *Haymond* to § 3583(g) revocations).

Accordingly, we hold that the District Court did not err in finding that it lacked jurisdiction to terminate Walton's original term of supervised release, and in rejecting Walton's arguments that § 3583(e)(3) and (g) are unconstitutional. We therefore affirm the revocation of Walton's supervised release.

**AFFIRMED.**